The Wisconsin Central Railroad Company vs. The Cornell University.

*March 30 — April 20, 1880.*

*Condemnation of land for railway: Appeal from circuit court in such cases.*

1. An order of the circuit court condemning land for the use of a railroad company is a final order affecting a substantial right, in a special proceeding, and is appealable. R. S., secs. 1846, 3069.
2. The circuit court for the proper county having found that condemnation of a strip of 200 (instead of 100) feet in width in such county is rendered necessary in this case by the character of the land and timber, this court will not reverse the order, in the absence of a clear preponderance of evidence against such finding.

APPEAL from the Circuit Court for *Ashland* County.

This is a suit or proceeding instituted in the circuit court by the railroad company, under the statute (R. S., 539, secs. 1846–7), for the purpose of acquiring a right of way two hundred feet wide for its railroad, across certain lands of the university in Ashland county. The petition of the railroad company, which is the foundation of the suit or proceeding, states that "the width of right of way required by said railroad company across the lands hereinafter described is two hundred feet; that such width is required by reason of the heavy growth of timber and the great height of the trees upon the lands through which said main line has been surveyed, located and constructed, and, is, by reason of such heavy growth of timber and the height of the trees, essential to the proper construction and safe operation of said main line of said railroad." The university answered the petition, denying that the railroad company needed a strip more than one hundred feet wide for such right of way, and offered to permit the company to go upon its lands outside of the one hundred feet strip and cut down any timber interfering with the operation of the railroad, upon making compensation therefor. The issue thus made was duly tried, and the trial resulted in an order or judgment that the petitioner, the railroad company, was entitled to take for such right of way a strip two hundred feet wide through the lands of the university described in the petition. The university appealed from such order or judgment.

*W. F. Bailey*, for the appellant, contended, among other things, 1. That under subd. 4, sec. 1828, R. S., the respondent had a right to cut down any standing trees that might be in danger of falling on the road, on making compensation therefor as provided by law, and was therefore under no necessity of condemning more than one hundred feet in width of the land on account of the timber — which is the only ground assigned for such condemnation. 2. That the evidence did not show

the existence of heavy timber, dangerous to the road, except upon a small portion of the lands in question.

*Edwin H. Abbot,* for the respondent, contended among other things, 1. That the statutes did not authorize the appeal. R. S., secs. 1845–57. 2. That the order was supported by the evidence.

LYON, J. 1. Is the order condemning a strip of land two hundred feet wide appealable? We think it is. The statute provides that the filing of the petition shall be the commencement of a suit in the court in which it is filed. R. S., 539, sec. 1846. Probably the word "suit" is employed in statutes somewhat in the sense that the word "remedies" is used in section 2594, and may be construed to mean either an action or special proceeding, according to the subject matter of it. This is not "an ordinary proceeding for the enforcement or protection of a right, or the redress or prevention of a wrong." Hence it is not an action, but a special proceeding. R. S., secs. 2594–6. The order appealed from is a final order, and it affects a substantial right. It is therefore appealable. R. S., 799, sec. 3069.

2. A brief consideration of the merits of the appeal must suffice. The testimony shows that the respondent's railway in the county of Ashland passes through a wild, rugged and broken region, and that deep excavations and high embankments were frequently required in constructing the road. The land along the line is also more or less heavily timbered. Such are the general features of the route over the lands of the appellant. It does not require the testimony of witnesses to show that a railroad company, constructing its road through such a country, necessarily requires a wider right of way than it would were its railroad constructed over a more level or even route. Any person of common observation knows that fact without formal proof of it.

No attempt will be made further to state the testimony pre-

served in the bill of exceptions. It seems to relate chiefly to the danger to the railway track from falling trees, and is conflicting on that subject. It is difficult for us to determine from a perusal of it whether the company needed two hundred feet wide across the lands of the appellant or not. But the great familiarity of the learned circuit judge with that portion of the state is well known — indeed, is almost matter of history; and, because of such familiarity, he was much better qualified to pass upon the weight of the testimony concerning the necessity for the condemnation of two hundred feet wide than are the members of this court. The testimony convinced him that such necessity existed, and we fail to find that satisfactory preponderance of proof to the contrary which would authorize us to disturb his ruling in that behalf.

3. The petition seems to be in proper form, and we think it sufficiently states the reasons why a greater width than one hundred feet is required.

*By the. Court.*— Order affirmed.