THE WISCONSIN CENTRAL RAILROAD COMPANY vs. THE COR-
NELL UNIVERSITY.

*March 10 — June 22, 1881.*

RAILROADS: CONDEMNATION OF LAND. *(1) What statute regulates condemnation for right of way. (2) Burden of proof in such cases.*
APPEAL TO SUPREME COURT. *(3) Appealable order.*

1. After the present revised statutes took effect, they defined and controlled the power of the plaintiff railway company in respect to the acquisition of rights of way, whatever may have been the provisions of its original charter in that regard.

538    SUPREME COURT OF WISCONSIN,.

The Wisconsin Central Railroad Co. vs. The Cornell University.

2. Under the revised statutes, where a railway company, in statutory proceedings to obtain a right of way, seeks to condemn a strip of land exceeding one hundred feet in width, and the necessity for a greater width is controverted by the land-owners, the burden of proof is upon the company.

3. An order of the circuit court refusing to set aside an order of the judge thereof in such condemnation proceedings, is appealable. 49 Wis.,.162.

APPEAL from the Circuit Court for *Taylor* County.

On the 1st of August, 1879, the *Wisconsin Central Railroad Company* filed its verified petition with the clerk of the circuit court for Taylor county (to which Price county was attached for judicial purposes) for condemning certain lands therein described for its right of way in Price county. The petition was addressed to the judge of said court, and alleged, among other things, that the width of the right of way over said lands, required by the company, was 200 feet, and that the same was necessary to construct and operate its road, for the reasons therein expressed, and tendered compensation, and prayed the appointment of commissioners as required by law. Upon the hearing of the petition before the judge, the university objected to the same, for the reason, among others, that similar proceedings for condemning the same lands were then pending in Chippewa county, from which Price county had been detached. In support of that objection, the university filed with the judge in said proceedings a certified copy of the alleged proceedings pending in the circuit court for Chippewa county, purporting to have been commenced in November, 1878, and certain orders entered therein in December, 1878, among which was an order denying a motion made by the railroad company to remove the cause to Taylor county, by reason of Price county having been so detached from Chippewa and annexed to Taylor, by chapter 103, Laws of 1879. The judge of the circuit court for Taylor county overruled the objection, and thereupon the university filed therein its verified answer, setting up, among other things, the said proceedings in Chippewa county, admitting title in fee to the lands

described, and denying each and every material allegation of the petition n*ot admitted, and especially the necessity of taking more than 100 feet in width for right of way, and praying that, in case the petition should be granted, the right of way should be limited to 100 feet.

The judge decided that the affirmative of that issue was with the university, and that the railroad company was not required to show the necessity for taking more than 100 feet, nor any other fact, otherwise than by the said petition. To that decision the university excepted. On the 25th of October, 1879, the judge, without any evidence, ordered, determined and adjudged that the railroad company was entitled to take, for the uses and purposes of its right of way, the strip of land described, the same being 200 feet in width, and appointed commissioners to ascertain and appraise the compensation to be made therefor, etc. To that order the university excepted. Among the papers in the record is one without date, filed by and on behalf of the railroad company with the clerk of the circuit court for Portage county, December 5, 1879, and refiled with the clerk of the circuit court for Taylor county, January 22, 1880, purporting to discontinue said proceedings so pending in Chippewa county. Thereupon the university, on due notice and affidavit, moved the circuit court for Taylor county, at a special term thereof held in Portage county, to set aside the order so made, upon the papers filed and the objections taken before the judge, which objections were renewed upon the hearing of the motion. From an order made December 23, 1879, denying this motion, *The Cornell University* appealed.

*W. F. Bailey*, for the appellant.

The cause was submitted for the respondent on the brief of *Edwin H. Abbot*.

The following opinion was filed March 24, 1881:

CASSODAY, J. The order of the circuit court here for consideration was appealable. *Wis. Cent. R. R. Co. v. Cornell University*, 49 Wis., 162.

Whatever may have been the wording of the charter of the *Wisconsin Central Railroad Company*, we are inclined to think that, as the law stood at the time these proceedings were instituted, the railroad company was limited to 100 feet for its right of way, unless the necessity for taking more should be first shown. Section 1845, R. S., provides that "any railroad corporation may acquire any real estate, which it shall be authorized to take for the purposes of its organization, in the *manner* hereinafter prescribed, and *every provision* for that purpose heretofore made in any *special* law or act of incorporation, or amendment thereto, *is repealed.*"

Section 1829, R. S., provides that "all existing or future railroad corporations within this state, including such as were originally organized under chapter 73 of the Revised Statutes of 1858, shall respectively have and possess all the powers and privileges, and be subject to all the duties, liabilities, and *restrictions*, prescribed by this chapter, and shall also have all peculiar rights and privileges granted to them respectively by their charters or any special law, *not inconsistent* with these statutes." Among the powers given and rights regulated by section 1828, R. S., we have subdivision 4, which provides that the company shall have power " to lay out its road, *not exceeding one hundred feet* in width, and to construct the same; and for the purposes of cuttings and embankments, and of obtaining gravel or other material, to take *as much land as may be necessary* for the proper construction, operation and security of the road, and to cut down any standing trees that may be in danger of falling on the road, making compensation therefor as provided in this chapter for lands taken for the use of the corporation."

By these statutes the legislature have evidently determined for themselves the necessity of taking 100 feet for a proposed right of way; but, as to the taking of lands outside of the 100 feet, they have left the necessity to be determined in the manner prescribed by the statute. Such necessity in each instance must depend upon the facts of each particular case, to be as-

The Wisconsin Central Railroad Co. vs. The Cornell University.

certained by the judicial proceedings provided. Of course, when the facts are controverted — when the necessity alleged in the petition is denied, as in this case,— the determination must depend upon the proofs adduced upon the hearing. When the facts as to the necessity of taking more than 100 feet, so alleged, are denied, and no proofs are offered, there can be no condemnation outside of the 100 feet, because in such case the necessity has not been established. As to the 100 feet, the legislature have obviated proof of the necessity, or, rather, have furnished a conclusive presumption of it, by a legislative *fiat*. As the land outside of the 100 feet cannot be condemned until the necessity is established by proof, it conclusively follows that the burden of making the proof is upon the party seeking the condemnation. Such has been the construction given to similar statutes in other states, and it is difficult to see how any one could have thought otherwise. *R.* *& S. R. R. Co. v. Davis*, 43 N. Y., 137; *In re N. Y. Cent. R. R. Co.*, 66 N. Y., 407.

If the same proceedings were still pending in Chippewa county, it may be doubtful whether the circuit court or judge of Taylor county could take jurisdiction. *Cornell University v. Wis. C. R. R. Co.*, 49 Wis., 158. But, as there is some discrepancy in the record, we refrain from any determination of this point.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with directions to enter an order vacating the order made by the circuit judge October 25, 1879, and for further proceedings according to law.

On the 21st of April, 1881, the respondent moved, upon the record, for a modification of the order of this court in the cause, "and, if necessary to procure such amendment, then for a rehearing" of the cause. The modification proposed was the insertion of the following words immediately after the words "October 25th, 1879," in the order as above stated:

" So far as it authorizes the taking of any land of said *Cornell University* outside of the strip, one hundred feet in width, which includes fifty feet on each side of the center line of said railroad as now located."

In support of this motion *Mr. Abbot* argued that the appellant's answer did not deny the respondent's right to take one hundred feet in width, and the foregoing opinion declares that the respondent was conclusively entitled to take a strip of that width, under its petition, by force of the statute; but that the order of this court, if not modified, would require the institution of new condemnation proceedings, to enable respondent to acquire title to the one hundred feet. He also stated that if the court, before making such modification, should order a reärgument, he would ask leave to argue the question whether, without any independent testimony, the necessity of the desired width was not sufficiently established by facts judicially known to the court; and he suggested that the court would take judicial notice of the geography of its own jurisdiction; and that, from the character of the land in Price county through which the respondent's road passes, as thus known, it might also conclude without formal proof that more than one hundred feet were required for the right of way. *Wis. C. R. R. Co. v. Cornell University*, 49 Wis., 162, 164, 165.

In opposition to the motion *Mr. Bailey* contended, among other things, that the pendency of another proceeding for the same cause was pleaded by the answer, and that the appellant had the right to have that issue tried.

The motion was denied June 22, 1881.