THE STATE EX REL. GIROUX, Appellant, vs. LIEN, City Clerk, Respondent.

*November 17 — December 7, 1900.*

*Taxation: Board of review: Presumption as to correctness of assessment: Certiorari: Quashing writ for insufficiency.*

1. An assessment, challenged before a board of review, needs no evidence to support it in the first instance, but must stand unless shown to be incorrect by reasonably clear and unambiguous evidence.

2. Where a writ of *certiorari* discloses the absence of any facts which could have justified other action than that taken by the board whose proceedings are being reviewed, the writ is properly quashed on motion.

APPEAL from a judgment of the circuit court for Jackson county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

In the assessment roll for 1899 relator was assessed, "Moneys, accounts, bonds, credits, notes, and mortgages, $3,000." Upon the meeting of the board of review in July of that year he appeared before the board, objected to such assessment, and requested that the same be stricken from the assessment roll, and testified orally, mainly in response to questions by the city attorney. His testimony was to the effect that he did not have a mortgage on the Dunnigan farm; that he did not on the 1st of May, 1899, have any money of any kind in the banks or elsewhere; that he did on the 1st of May hold some real estate, but had since given it away to his daughter; that he took an assignment from one Leslie Green, but that the purchase was for Thomas Dunnigan, who repaid him the money; that he did not take a mortgage from John Anderson, but took a deed on his farm, and did not know whether he had a contract against it, nor who paid the taxes on it; that Sylvester Byrns did not owe him $35; that he did take a land contract from one John L. Moens; that he had done the business of his daugh-

ter, Mrs. White, for the last ten years, and holds a power of attorney from her; that he did not make investments for her as her agent. As to a multitude of other questions with reference to specific securities or conveyances found in the office of the register of deeds, he answered with practical uniformity, "I do not know." A property statement from *Giroux* to the assessor was present and exhibited before the board, but whether sworn to, or what were its contents, is not made to appear. The assessor submitted to the board a statement or list of conveyances and securities to *Giroux* and to his daughter Jenny White, which appeared in the registry of deeds, but whether such list constituted the basis of the assessment was not stated. The board of review refused to modify or strike out said assessment, and approved the same. To that decision the relator sued out a writ of *certiorari*, which sets forth the facts above stated, including said evidence, with the assertion that no other evidence was offered before the board. Upon motion, before return, the court entered an order or judgment quashing and dismissing said writ, from which the relator appeals.

*W. C. Donovan*, for the appellant, contended, *inter alia*, that where the evidence appears uncontradicted and nothing appears by the record impairing its credibility it is the plain duty of the board to correct the assessed valuation of the property accordingly, and their failure so to do constitutes a clear violation of the law which is subject to be corrected by *certiorari*. *Milwaukee I. Co. v. Schubel*, 29 Wis. 444; *Fond du Lac W. Co. v. Fond du Lac*, 82 Wis. 322; *Brown v. Oneida Co.* 103 Wis. 149; *State ex rel. Heller v. Lawler*, 103 Wis. 460.

*Carl C. Pope*, for the respondent.

Dodge, J. The assessor's valuation, "Moneys, accounts, bonds, credits, notes, and mortgages, $3,000," stood before the board of review as *prima facie* correct, with no duty or authority in that board to change it, except on evidence.

The State ex rel. Giroux vs. Lien.

Sec. 1061, Stats. 1898; *Shove v. Manitowoc*, 57 Wis. 5; *State ex rel. Smith v. Gaylord*, 73 Wis. 306; *State ex rel. Heller v. Lawler*, 103 Wis. 460; *State ex rel. Davis & S. L. Co. v. Pors*, 107 Wis. 420. Relator, as a witness, denied ownership of any " money in banks or elsewhere on May 1st," and denied ownership of one or two specific securities as to which he was interrogated. He, however, did not testify that he was not the owner of credits to the amount of $3,000 in excess of his debts, nor did he offer any other evidence tending to deny such fact. In that situation the board of review had but one course to pursue, namely, to refuse to change the assessment roll. Relator's position seems to be that because, by objection, he challenged the correctness of that roll, the same should have been changed, unless supported by evidence; for he asserts that certain alleged securities in a list produced from the county registry were not shown to evidence debts to him, and some of them were shown not to do so, and thereupon urges that the assessment of $3,000 is not supported. This contention is for the converse of the true rule governing the conduct of boards of review, as declared by the above-cited authorities. The assessment needs no support by evidence in the first instance, but must stand, unless shown to be incorrect by reasonably direct and unambiguous evidence. None such was offered.

Since the writ itself discloses the absence of any facts which could have justified other action than that which the board took, it was properly quashed when, by motion, such insufficiency was brought to the attention of the circuit court. Harris, Certiorari, § 54; *State ex rel. Clancy v. McGovern*, 100 Wis. 666, 671; *State ex rel. Heller v. Lawler*, 103 Wis. 467.

*By the Court.*— Judgment affirmed.