STATE EX REL. M. A. HANNA DOCK COMPANY, Respondent, vs. WILLCUTS, City Clerk, Appellant.

*October 5—October 25, 1910.*

*Taxation: Assessment of property omitted in former year: Assessor testifying as to omissions: Statutes: Repeal by implication.*

1. Actual and intentional omission by the assessor to assess a part of certain property under the mistaken notion that such part was not subject to local taxation does not preclude assessment thereof in the following year as omitted property, under sec. 1059, Stats. (Laws of 1909, ch. 490), such omission not being in the nature of a judicial determination of a question of fact.

2. The provision of sec. 1063, Stats. (1898), that no assessor shall be allowed by his oath or testimony to contradict or impeach any affidavit or certificate made or signed by him as such assessor, is by necessary implication repealed by sec. 1059, Stats. (Laws of 1909, ch. 490), and ch. 371, Laws of 1907 (secs. 925—139, 1060, 1062, Stats.), in so far as it would interfere with performance by the assessor of the new duties imposed by the last mentioned statutes.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Reversed.*

Action to test the validity of a decision of the board of review of the city of Superior, Wisconsin.

In 1907, the assessor of Superior assessed the Pittsburgh Coal Company on account of coal on its dock, denominated railway coal. Such proceedings were taken in respect to the matter that the circuit court for Douglas county decided that the property was exempt from local taxation because of its being, in fact, owned and for use by a railway company in the operations of its road. The question at the bottom of the litigation was whether, under transactions which had occurred between the railway company and the coal company, the title to the coal yet remained in the latter, although the property was called railway coal. On appeal the judgment of the circuit court was reversed, it being thus finally decided that the real owner of the coal was the coal company.

In 1908, after the decision in the circuit court and before that on appeal, the assessor was called upon to assess such coal as the respondent had on its dock in Superior, except such as was exempt. It had, in a common mass, a large quantity of coal of the character which had been held by the circuit court, as aforesaid, exempt from local taxation, and a large quantity which was conceded to be not so exempt. The assessor estimated that the latter portion of the common mass was of the value of $66,500, and entered that amount on his roll as the value of merchants' and manufacturers' stock, assessable to respondent.

In 1909—it having been decided that coal having the status of the so-called railway coal was not owned by the railway company but was the property of the coal company and so liable to local taxation—the assessor, in making his annual assessment, assessed to respondent, as the value of the coal which was omitted as aforesaid for the year 1908, $96,000. In due course objection was made to such assessment before the board of review. Upon the hearing in that regard, respondent introduced in evidence the assessment roll for 1908, showing the assessment to respondent as aforesaid, and purporting on its face to be an assessment of all its property of the class in question, assessable for such year. In that situation it was claimed that the assessor was incompetent to testify to facts showing how he came to make the assessment for 1909 as for property omitted in 1908, because the effect thereof would be to impeach the assessment of the latter year, contrary to sec. 1063, Stats. (1898). On behalf of the assessor's position it was claimed that sec. 1059, Stats. (1898), as amended by ch. 490, Laws of 1909, requiring the assessor in making his assessment for any year to assess for each of the three preceding years any property omitted from the assessment for any of such years, and ch. 371, Laws of 1907, relieving the assessor from the duty of acting as member of the board of review, and substituting therefor the duty to

attend the meeting of the board, when desired, and submit to examination under oath, respecting his assessment, repealed sec. 1063, aforesaid, to the extent necessary for him to perform such duties.   The board of review so held and the assessor, under oath, explained, in detail, substantially as before stated, how he came to make the assessment complained of. The general effect of his evidence was that in making the assessment of 1908, he estimated the number of tons of soft coal found in respondent's possession and determined that about 60,000 tons thereof was of the class which had been held by the circuit court not assessable for local taxation and assessed the remainder only, placing on account thereof upon the assessment roll $66,500 as the value of merchants' and manufacturers' stock assessable to the dock company.   There was other evidence in support of the assessment, tending to show that the dock company had in its possession and assessable for 1908, the amount of coal claimed by the assessor.   The dock company neglected to produce any proof to the contrary, except as aforesaid, and, in effect, refused to make any statement respecting the amount of coal it had on its dock at the time the assessment of 1908 was made.

Upon the case thus made, the objection by the dock company was overruled. . The proceedings in that regard were duly carried by writ of *certiorari* to the superior court of Douglas county for review, resulting in a judgment reversing the decision of the board of review.   This appeal is taken from such judgment.

For the appellant there was a brief by *R. I. Tipton* and *T. L. McIntosh,* and oral argument by *Mr. Tipton.*

For the respondent there was a brief by *Luse, Powell & Luse,* and oral argument by *L. K. Luse.*

MARSHALL, J.   The judgment of the superior court must be reversed for reasons which very clearly require that result. Counsel for respondent cite *Allwood v. Cowen,* 111 Ill.

481, as holding, under a similar law, that where the assessor determines a question of fact as to the value of a certain class, or certain articles of property, such determination is of a judicial nature and not subject to review by him a subsequent year, so as to permit him to make a further assessment on account of the same property upon the theory that his previous determination was too low.    It is sufficient for now that we have no such case before us.    If the assessor had determined in 1908, that the dock company had 80,000 tons of coal and that the assessable value thereof was $66,500, doubtless he could not have assessed to it an additional amount on account of such coal the next year, upon the pretext that the first assessment was too low.    That would have been radically different than what in fact took place; an actual omission to assess the greater part of the coal upon the mistaken notion that it was not subject to local taxation.    Counsel has not advanced any reason which appeals to our minds why such omitted coal was not assessable in 1909 under sec. 1059, Stats. (Laws of 1909, ch. 490).

The claim that the board of review committed jurisdictional error in overruling appellant's objection to the assessment, in face of the *prima facie* case, if there were such, against the assessment, made by introducing the roll of 1908, rests wholly on the theory that the evidence of the assessor explaining the situation was incompetent under sec. 1063, Stats. (1898).    If his evidence was competent it would not be contended, for a moment, but that the board decided the question presented to it without jurisdictional error, so far as presence of evidence bearing on the question at issue was concerned.

It is conceded, as we understand it and as the fact is, that the record of the assessment of 1909, by itself, made a *prima facie* case in favor of the work of the assessor.    *State ex rel. Giroux v. Lien,* 108 Wis. 316, 84 N. W. 422; *State ex rel. Heller v. Fuldner,* 109 Wis. 56, 85 N. W. 118.    There

was no evidence against it except the assessment roll of 1908 which was conclusively explained in harmony with the assessment objected to, if the assessor's evidence was proper or the assessment was otherwise sustained.    The oral evidence on the subject was not confined to that of the assessor, while the failure of the dock company to offer any evidence of the amount of coal it had in 1908, and refusal to make any disclosure in that regard, left it in an exceedingly weak position regardless of the assessor's evidence. ˙

However, we cannot escape the conclusion that the statutory requirement for the assessor to assess in one year property omitted the previous year, and the one requiring him to testify under oath before the board of review respecting all matters relating to his assessment, by necessary implication, repealed sec. 1063, Stats. (1898), so far as performance of the new statutory duties would otherwise be interfered with.

There is no more familiar rule relating to the construction together of two statutes which conflict, than that, so far as they cannot reasonably be both given full effect, the later statute is to be regarded as having been intended to supersede the earlier one.    *Kellogg v. Oshkosh,* 14 Wis. 623; *Bohlman v. G. B. & M. R. Co.* 40 Wis. 157; *Northwestern Mut. L. Ins. Co. v. Drown,* 51 Wis. 419, 8 N. W. 237; *Wis. Cent. R. Co. v. Cornell Univ.* 52 Wis. 537, 8 N. .W. 491; *Smith v. Eau Claire,* 78 Wis. 457, 47 N. W. 830. ˍ

The decision of the board of review was unimpeachable except for jurisdictional error.    *State ex rel. Milwaukee Med. Coll. v. Chittenden,* 127 Wis. 468, 107 N. W. 500; *State ex rel. Augusta v. Losby,* 115 Wis. 57, 90 N. W. 188.    The board had undoubted jurisdiction over the subject matter, by express provision of the written law.    It, as clearly, had jurisdiction to decide, upon evidence produced, whether the facts existed or not rendering the assessment complained of justifiable.    It had no jurisdiction to condemn the assessment without evidence to impeach it, and, as we have seen, there

was none.    To have condemned it under the circumstances would have been jurisdictional error in favor of the dock company.    Assuming that there was some evidence impeaching the assessment, the board had jurisdiction to sustain it, if there was any evidence which, in any reasonable view of it, justified that course.    *State ex rel. Augusta v. Losby, supra.* So in any view we can take of the case, no jurisdictional error was committed by the board and its decision should have been affirmed instead of reversed.

*By the Court.*—The judgment of the superior court is reversed, and the cause remanded with directions to enter judgment affirming the decision of the board of review.