308     SUPREME COURT OF WISCONSIN.     [MAY

State ex rel. Althen v. Klein, 157 Wis. 308.

STATE EX REL. ALTHEN, Appellant, vs. KLEIN, City Clerk, and others, Respondents.

*April 14—May 21, 1914.*

*Taxation: Board of review: Changing assessor's valuation: Reviewing action of board: Agreed case: Certiorari: Who may institute proceeding.*

1. The board of review cannot change the assessor's valuation without evidence; but if, in any reasonable view of it, the evidence furnished a substantial basis for the action of the board in making a change, and there is nothing to show that it acted arbitrarily or dishonestly, its decision will not be interfered with by the courts.

2. The fact that a controversy relative to a decision of the board of review was submitted to the court under sec. 2788, Stats., does not change the rule of law as to the effect that must be given to such decision, and it must be sustained in that proceeding if it would be sustained on *certiorari*.

3. Jurisdictional matters only can be reached on *certiorari*, and if on any reasonable view of the evidence it will support the conclusion arrived at, the board of review had jurisdiction to decide as it did.

[4. Whether the plaintiff (a taxpayer and the assessor who made the assessment changed by the board of review) had any right to institute a proceeding to question the validity of the action of the board, not determined.]

APPEAL from a judgment of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

In the year 1911 the assessor of the city of Two Rivers placed a valuation of $163,500 on the personal property of the *Hamilton Manufacturing Company*. That company appeared before the board of review and objected to the assessment as being excessive and offered some testimony which it claims tended to sustain its contention. The board of review, deeming such evidence sufficient to warrant a reduction of the assessor's valuation, did in fact reduce it in the sum of $20,000. The plaintiff, who was the assessor for the city of Two Rivers in the year 1911, insisted that the reduction in

the assessment of the personal property of the *Hamilton Manufacturing Company* made by the board of review was without warrant or authority in law and that its action was illegal and void, and demanded of the city clerk that that officer disregard the reduction in making out the tax roll, and carry the assessment of the personal property of the *Hamilton Manufacturing Company* as made by him on to the tax roll. The city clerk refused to comply with the request on the ground that it was his legal duty to 'make out the tax roll in accordance with the valuations as finally determined by the board of review. These facts were agreed upon, and it was further stipulated that such statement of agreed facts be submitted to the court for the purpose of determining the validity of the action of the board of review, and for the purpose of ascertaining whether the city clerk should extend on the assessment and tax roll the valuation of the property of the *Hamilton Manufacturing Company* as made by the assessor or as fixed by the board of review. The stipulation further recited that the parties agreed to be bound by the determination or judgment of the court and that they consented and agreed that whatever the court should find to be a valid and legal assessment of said property might and should be extended on the tax and assessment rolls without further action. A second stipulation was entered into which in substance recited that it would be impossible to obtain a determination of the court on the question before it would be necessary to prepare the tax roll, and it was agreed that said clerk should make up such roll, carrying out the personal property tax against the *Hamilton Manufacturing Company* on the basis of the valuation fixed by the board of review, the *Hamilton Manufacturing Company* on its part agreeing that if the court should determine the assessment of its property as made by the assessor to be the lawful assessment, it would pay to the city treasurer of the city of Two Rivers such sum as might be necessary to make the tax on its personal prop-

310    SUPREME COURT OF WISCONSIN.    [MAY

State ex rel. Althen v. Klein, 157 Wis. 308.

erty equal to the tax which would have been assessed against it had the valuation fixed by the assessor been adopted by the board of review. Thereafter a third stipulation was entered into which was submitted to the court, to the following effect:

"That the income tax of the *Hamilton Manufacturing Company* for the year 1911 was $5,670.24. That the personal property tax of said corporation for the year 1911 was $3,373.65. That the personal property tax of said corporation for the year 1912 was $3,642.24. That in paying the personal property tax for 1912 to the city treasurer of the city of Two Rivers said treasurer offset the personal property tax for that year against the income tax for the year 1911; that the income tax of said corporation for the year 1911 was greater in amount than the personal property tax of said corporation for the said year would have been if computed on the assessment of 1911 as made by the assessor of the city of Two Rivers."

The circuit court had before it these three stipulations, the testimony taken before the board of review in 1911, and also the testimony taken before the board in the years 1909 and 1910, relating to the personal property of the *Hamilton Manufacturing Company,* reference having been made in the 1911 testimony to the evidence relating to the value of the personal property in the two former years.

The circuit court held (1) that the city clerk had no option but to make out a tax roll in accordance with the valuations as finally determined by the board of review; (2) that there was sufficient evidence before the board of review to warrant it in reducing the assessment of the personal property of the *Hamilton Manufacturing Company* as made by the assessor; (3) that nothing was offered which tended to show that the *Hamilton Manufacturing Company* was not, under the valuation made by the board of review, called upon to pay a fair, just, and equitable proportion of the taxes of the city of Two Rivers upon its personal property. (4) The court was also of the opinion that the plaintiff as a taxpayer could not maintain the action, but did not rest the judgment

ordered on this ground.   (5) The court refrained from ex-
pressing any opinion as to whether the action presented any-
thing more than a moot case, because of the income tax as-
sessed for the year 1911 being in excess of what the personal
property tax for that year would have been if carried out on
the basis of the assessor's valuation.   From a judgment de-
nying the plaintiff the relief sought he prosecutes this appeal.

The cause was submitted for the appellant on briefs signed
by him and by *Gilbertson, Lehr, Reitman & Kiefer,* attor-
neys, and *Lehr, Kiefer & Reitman* and *J. Elmer Lehr,* of
counsel, and for the respondents on that of *L. W. Ledvina* for
the board of review, *Nash & Nash* for the *Hamilton Manu-
facturing Company,* and *E. L. Kelley,* of counsel.

BARNES, J.   The board of review could not change the as-
sessor's valuation without evidence.   *State ex rel. Davis &
Starr L. Co. v. Pors,* 107 Wis. 420, 430, 83 N. W. 706;
*State ex rel. Giroux v. Lien,* 108 Wis. 316, 84 N. W. 422;
*State ex rel. J. S. Stearns L. Co. v. Fisher,* 124 Wis. 271,
102 N. W. 566.

If in any reasonable view of it the evidence taken furnished
a substantial basis for the action of the board in making the
change, and there is nothing to show that it acted arbitrarily
or dishonestly, its decision will not be interfered with by the
courts.   *State ex rel. N. C. Foster L. Co. v. Williams,* 123
Wis. 61, 100 N. W. 1048; *State ex rel. Vilas v. Wharton,*
117 Wis. 558, 562, 94 N. W. 359; *State ex rel. J. S. Stearns
L. Co. v. Fisher, supra.*

If the action of the board of review should be sustained on
a *certiorari* proceeding brought to review it, then it must be
sustained in the present proceeding.   The fact that the con-
troversy has been submitted to the court under sec. 2788,
Stats., cannot change the rule of law as to the effect that must
be given to the decision of the board.

On *certiorari,* jurisdictional matters only can be reached,
and the presumption is that the determination of the board is

correct. If on any reasonable view of the evidence it will support the conclusion arrived at, the board had jurisdiction to decide as it did. *State ex rel. Miller v. Thompson,* 151 Wis. 184, 187, 188, 138 N. W. 628; *State ex rel. M. A. Hanna D. Co. v. Willcuts,* 143 Wis. 449, 453, 128 N. W. 97; *State ex rel. Augusta v. Losby,* 115 Wis. 57, 90 N. W. 188; *State ex rel. Edward Hines L. Co. v. Fisher,* 129 Wis. 57, 108 N. W. 206.

Tested by these rules, we cannot say that the evidence before the board did not furnish a substantial basis for the change made in the assessor's valuation, although it is rather weak. It is unnecessary to discuss other considerations urged in support of the judgment, and we do not wish to be understood as deciding that the plaintiff had any right to institute this proceeding.

*By the Court.*—Judgment affirmed.