O'Connor, Administratrix, Respondent, vs. Chicago, Milwaukee & St. Paul Railway Company, Appellant.

*May 23—June 13, 1916.*

*Railroads: ·Tree blown down across track: Derailment of train: Injury to employee: Negligence: Proximate cause: Unusual storm: Patroling track: Failure to inspect tree: Right to cut it down: Statutes: Federal Employers' Liability Act: Contributory negligence: Assumption of risk.*

1. Where a large tree standing close to a railroad right of way was dangerous and liable to be blown down across the track by a wind storm such as was likely to occur and ought reasonably to be anticipated by the railway company, the fact that the wind which blew it down was an extraordinary and unusual one does

not affect the liability of the company for an injury caused by its falling across the track and derailing a train.

2. A finding by the jury in such case that the railway company was negligent in failing to patrol the track before the accident is *held* to be sustained by evidence that its sectionmen were located about two and one-half miles away, were under orders to patrol night and day during storms of wind or rain, and were equipped with a handcar and a gasoline car which had a speed of twenty miles or more per hour, and that the storm had been raging for half an hour and more before the accident.

3. The evidence, including the testimony of at least one witness, who was in a position to know, that the tree was dangerous and so regarded, is *held* to sustain a finding by the jury that the railway company was negligent in failing to inspect the tree and its condition.

4. Sub. (4), sec. 1828, Stats.,—giving to railway companies power to "cut down any standing trees that may be in danger of falling on the road,"—is not superseded by the federal Employers' Liability Act, but is more in the nature of an amendment to the charters of such companies.

5. Even if the federal Employers' Liability Act superseded said sub. (4), sec. 1828, a railway company would still be bound to remove a tree standing so close to its right of way that there was danger of its falling upon the track, or to guard against such danger.

6. Findings by the jury to the effect that an engineer who was killed when his train was derailed by a tree which had been blown down across the track was not guilty of contributory negligence and that there was no assumption of the risk, are *held* to be sustained by the evidence.

APPEAL from a judgment of the circuit court for Brown county: HENRY GRAASS, Circuit Judge. *Affirmed.*

This action was brought by plaintiff to recover damages on account of the death of her husband, Frank J. O'Connor, who was killed in an accident while in the employ of the defendant on the 26th day of July, 1913. At the time of the accident the defendant was engaged in interstate commerce.

The plaintiff in her complaint claimed the right to recover $40,000 damages which she sustained on account of the death of her husband through the negligence of the defendant. The defendant denied all liability and denied that the

death of said deceased was caused by the negligence of the defendant, and alleges that at the time of the accident it was engaged in interstate commerce and that deceased was in its employ as its servant. The following verdict was returned:

"(1) Did the falling of a tree across the track of the defendant cause the derailment of defendant's train and the death of Frank J. O'Connor on July 26, 1913? A. (by consent of counsel, answered by the court). Yes.

"(2) Did any part of the body or trunk of said tree stand upon defendant's right of way? A. (answered by the court). No.

"(3) Was such tree in danger of falling on the track? A. Yes.

"(4) If you answer the third question 'Yes,' then was the defendant negligent in failing to inspect such tree and its condition? A. Yes.

"(5) If you answer the fourth question 'Yes,' was such failure to inspect a proximate cause of the death of Frank J. O'Connor? A. Yes.

"(6) If you answer the third question 'Yes,' then was the defendant negligent in failing to apply to the court for the right to cut such tree down? A. Yes.

"(7) If you answer the sixth question 'Yes,' then answer this question: Was such failure to apply to the court a proximate cause of the death of Frank J. O'Connor? A. Yes.

"(8) Was the defendant negligent in failing to patrol the track near Pembine on the night of July 26, 1913, preceding the accident? A. Yes.

"(9) If you answer the eighth question 'Yes,' then answer this ninth question: Was such negligence of defendant a proximate cause of Frank J. O'Connor's death? A. Yes.

"(10) Did Frank J. O'Connor in his situation know or should he have known that the tree was liable to fall across the track and to cause injury or death to himself? A. No.

"(11) Did any failure of Frank J. O'Connor to exercise ordinary care proximately contribute to his death? A. No.

"(12) In what sum do you assess the plaintiff's damages? A. $9,000.

"(13) If you answer the eleventh question 'Yes,' then answer this thirteenth question: In what sum do you diminish

the plaintiff's damages on account of Frank J. O'Connor's failure to exercise ordinary care?    A. ——.

"(14) Was the wind storm that blew down the tree that caused the wreck a storm of unusual and extraordinary severity in the section of country where it occurred?    A. Yes (answered by the court).

Judgment was rendered in favor of the plaintiff upon the verdict, from which this appeal was taken.

For the appellant there was a brief signed by *C. H. Van Alstine* and *Henry J. Killilea,* attorneys, and *Greene, Fairchild, North, Parker & McGillan,* of counsel, and oral argument by *Mr. Killilea.*

For the respondent there was a brief by *Minahan & Minahan,* and oral argument by *V. I. Minahan.*

KERWIN, J.    It is contended by counsel for appellant that the court below should have directed a verdict for defendant upon the following grounds: (a) because no negligence on the part of the defendant which proximately contributed to the injury was shown; (b) because the deceased was guilty of negligence which was the proximate cause of his death; and (c) because deceased assumed the risk which caused his death.

Deceased was killed in a wreck caused by a pine tree which stood on the west edge of the right of way falling across the defendant's railroad track at Cataline, about two and one-half miles south of Pembine in Marinette county, Wisconsin.

The jury found that defendant was negligent in failing to inspect the tree and that such negligence was a proximate cause of the injury; that defendant was negligent in failing to apply to the court for right to cut the tree, and that such negligence was a proximate cause of the injury; that defendant was negligent in failing to patrol the track, and that such negligence was a proximate cause of the injury; that deceased did not know the tree was liable to fall across the track, and was not guilty of contributory negligence.

The tree fell across the track during a severe wind and rain storm, and the court answered the fourteenth question that the wind storm that blew the tree down and caused the wreck was a storm of unusual and extraordinary severity in the section of the country where it occurred.

Assuming that the fourteenth question was for the court and not the jury and that it was properly answered by the court, we are of opinion that the other findings of the jury are consistent with the answer to the fourteenth question, and if supported by the evidence support the judgment.

The tree which fell across the track and caused the wreck stood on or near the line of the right of way. The wires of the fence on the west side of the right of way were attached to it. It had stood there for several years after other timber about it had been cut. It was 100 feet high and about a foot and a half in diameter at the butt.

The contention of appellant is that under the fourteenth finding the defendant was not bound to anticipate that the tree would fall on the track, hence that the falling of the tree was not the proximate cause of the injury. True, as said by this court in *Atkinson v. Goodrich T. Co.* 60 Wis. 141, 164, 18 N. W. 764, "A man is not bound to ward against a result which cannot be reasonably expected to occur, and negligence cannot be attributed to him for failing to do so." On this rule counsel for appellant argue that the answer to the fourteenth question is conclusive on the point that the storm that blew the tree down was of such unusual severity that it could not have been foreseen, hence there could be no liability.

Whether the storm which blew the tree down was of such an extraordinary character as not to have been foreseen or reasonably anticipated by defendant does not establish the nonliability of defendant. The evidence shows, and the jury found, that a storm which the defendant should have foreseen was likely to occur would have blown the tree down. There is evidence in the case that the tree was regarded dan-

gerous and that a wind of the velocity of forty miles an hour would have blown it down, and that for a period of about twenty years prior to the accident there had been in Wisconsin annually wind storms ranging from forty to sixty-eight miles per hour.    If, therefore, the tree was liable to be blown down by a storm such as was likely to occur, then it is immaterial that the storm which blew it down was of unusual severity.    The proximate cause was the failure to remove the tree, which was dangerous, or guard against its falling upon the track.

Even if it can be said that the failure to remove the dangerous tree was not, but that the extraordinary wind was, a proximate cause of the wreck, still the dangerous tree was a concurring cause and the defendant is liable under the established rule of law on this proposition.

Appellant relies upon *Cook v. M., St. P. & S. S. M. R. Co.* 98 Wis. 624, 74 N. W. 561, and other cases, but an examination of these cases cited by appellant will show that they are not in point here. . As we have heretofore observed, if the findings are supported a case is made against the defendant.

The jury found negligence in failing to patrol the track after the storm.    It is urged that this could not have avoided the wreck, because the violent storm which blew the tree down occurred only a very short time before the wreck, and that ordinary care did not require patrol during this short interval.    The sectionmen at .Pembine, only about two and one-half miles from Cataline, were under orders to patrol day and night during storms of wind or rain.    They were equipped with a handcar and a gasoline car which had a speed of twenty miles or more per hour.    There is evidence that the storm was raging for half an hour and more before the wreck, and this warranted the jury in finding that there was ample time for the sectionmen at Pembine to go down the track, discover the tree, signal the train, and thus have avoided the wreck.

The jury found that the defendant failed to inspect the tree. It is contended by appellant that inspection would not have revealed that the tree was dangerous or would have fallen from ordinary or usual storms, and that the defendant was not bound to guard against an unusual and extraordinary wind. It is further argued by appellant that an inspection would have disclosed nothing which would have warranted a conclusion that the tree was in danger of falling. We are of opinion, however, that the evidence was ample to support the findings of the jury on this question. In fact there is evidence in the record of at least one witness in position to know that the tree was dangerous and so regarded, and if the tree was dangerous and liable to fall across the track from an ordinary wind which the defendant was bound to foresee and reasonably anticipate, it is wholly immaterial whether the wind which caused the tree to fall was an extraordinary and unusual wind. *Goddard v. C., B. & Q. R. Co.* 143 Wis. 169, 174, 126 N. W. 666.

The jury found that the defendant was negligent in failing to apply to the court for right to cut the tree. It is argued by appellant on this point that our statute, sub. (4), sec. 1828, is not applicable because this statute is superseded by the federal Employers' Liability Act, and some federal cases are cited on this point, notably *Seaboard A. L. R. Co. v. Horton,* 233 U. S. 492, 34 Sup. Ct. 635. Originally in Wisconsin under our statutes the right to condemn right of way for railroad purposes 200 feet wide existed, but later this statute was amended so as to allow condemnation of 100 feet for right-of-way purposes and also reserving to railroad companies the rights given under sub. (4), sec. 1828, to "cut down any standing trees that may be in danger of falling on the road." *Wis. Cent. R. Co. v. Cornell Univ.* 49 Wis. 162, 5 N. W. 331. It seems clear, therefore, that sub. (4), sec. 1828, is not superseded by the federal Employers' Liability Act. It is more in the nature of an amendment to the de-

fendant's charter. *Slate v. Railway Cos.* 128 Wis. 449, 504, 108 N. W. 594; *Rice v. C., B. & Q. R. Co.* 153 Mo. App. 35, 131 S. W. 374; *Texas & St. L. R. Co. v. Vallie,* 60 Tex. 481; *Att'y Gen. v. Railroad Cos.* 35 Wis. 425; *Manitowoc v. Manitowoc & N. T. Co.* 145 Wis. 13, 129 N. W. 925. But even if it were held that the federal Employers' Liability Act superseded sub. (4), sec. 1828, Stats., still at common law the defendant would be bound to protect its employees and passengers from dangers which ordinary care and prudence could guard against, and there seems to be no doubt but that the defendant would be bound to remove the tree in question independent of statute or guard against the danger incident to its falling upon the track and injuring passengers or employees, if in fact there was danger of the tree falling upon the track.

The findings of the jury on assumption of risk and contributory negligence, we think, are well supported by the evidence.    Under the evidence the jury was well warranted in finding no assumption of risk. *Dorsey v. Phillips & C. C. Co.* 42 Wis. 583; *Hemmingsen v. C. & N. W. R. Co.* 134 Wis. 412, 114 N. W. 785; *Choctaw, O. & G. R. Co. v. McDade,* 191 U. S. 64, 24 Sup. Ct. 24; *Union Pac. R. Co. v. O'Brien,* 161 U. S. 451, 16 Sup. Ct. 618.

Appellant further argues that error was committed on the trial in respect to the charge to the jury and in refusal to grant a new trial, but a careful examination of these alleged errors convinces us that no prejudicial error was committed in this regard.    The whole charge was very fair to defendant.    The following extracts are fair samples:

"The court charges you that the defendant in conducting its business with respect to the care of the safety of its road or track at Cataline was not required to foresee or anticipate that any such wind storm as the one in question would occur, and if the tree which fell on the track was in danger of falling only in case of the prevalence of a wind of such unusual

and extraordinary severity, you must answer the third question of the special verdict in the negative, that is, you must answer the third question 'No'." . . .

"The court instructs you the presumption is that the defendant company did inspect the tree, and the burden of proof as to this question is upon the plaintiff to satisfy you to a reasonable certainty by a preponderance of evidence that this question should be answered 'Yes;' but if you are not so satisfied your answer must be 'No'." . . .

"You are also directed, in considering your answer to this fifth question, that if you find that the tree would fall only from a wind of unusual and extraordinary severity as prevailed when the tree fell, and caused it to fall, then your answer to the fifth question of the special verdict must be 'No'." . . .

The learned trial judge favored us with a written opinion which is a part of the record and which reviews the whole case very fully, and we think the conclusions arrived at are correct. We are of opinion that the case was fairly tried in the court below and no prejudicial error committed.

*By the Court.*—The judgment is affirmed.