MARTINEAU, Respondent, v. STATE CONSERVATION COM-
MISSION, Appellant.

*No. 340.  Argued January 3, 1975.—Decided February 4, 1975.*
(Also reported in 225 N. W. 2d 613.)

440

442

For the appellant the cause was argued by *Robert B. McConnell*, assistant attorney general, with whom on the brief was *Robert W. Warren*, attorney general.

For the respondent there was a brief and oral argument by *Dale T. McKenna* of Jefferson.

BEILFUSS, J. While several issues are raised by the parties, our resolution of the following question makes consideration of the others unnecessary: Did the trial court lose jurisdiction over the case by virtue of this court's mandate in *Martineau v. State Conservation Comm.* (1970), 46 Wis. 2d 443, 175 N. W. 2d 206, and the trial court's cumulative order?

The Commission contends that upon the entry of the "cumulative order" of October 26, 1970, the entire controversy relating to the condemnation proceeding was terminated, so that on December 9, 1972, there was no case pending before the court in which judgment could be made. Mrs. Martineau counters with the contention that both the mandate of this court in *Martineau v. State Conservation Comm.*, *supra*, and the trial court's "cumulative order" dismissed only one cause of action, the condemnation proceeding. According to Mrs. Martineau, two other causes of action, one regarding her title and the other regarding navigability, remained pending. She claims that although those causes of actions were never pleaded, "they are considered 'pleaded' in the eyes of the law" because they are allegedly immaterial variances.

The issues of title and navigability arose only because they bore on the question of the amount of compensation which Mrs. Martineau was to be awarded in the event of a taking, a fee simple title and exclusive right to possession being worth more than some lesser interest in the property. Thus prior to submitting the question of damages to the jury, the trial court decided both questions. Meanwhile, however, the appeal in the 32.06 (5), Stats., action, contesting the right of the Commission to condemn the land, was pending. This court decided that case in favor of Mrs. Martineau, and ordered that the condemnation proceeding be terminated, thereby making the question of the amount of the award moot. The trial court's cumulative order implemented this court's mandate. Two years later, the trial court signed a judgment

supporting its decision relating to the ownership and navigability of the land.

The issues of title and navigability were entirely collateral to the aspect of the proceeding relating to the amount of compensation. When the condemnation proceeding was terminated, the issues collateral thereto were likewise dismissed.

Mrs. Martineau contends that the issues of ownership and navigability were separate and distinct causes of action which survived this court's mandate and the cumulative order below. She suggests that the "pleadings" were "informally" amended to include the additional causes of action.

In *Lake Geneva v. States Improvement Co.* (1969), 45 Wis. 2d 50, 58, 172 N. W. 2d 176, this court stated:

". . . 'Where a good cause of action appears from the proofs received without objection, a variance between the allegations of the complaint and the evidence is not material. The pleadings may be taken as amended to conform to the proofs.' *Duffy v. Scott* (1940), 235 Wis. 142, 147, 292 N. W. 273. Either the trial court or this court may deem the pleadings so amended when the variance is immaterial. *Walber v. Walber* (1968), 40 Wis. 2d 313, 320, 161 N. W. 2d 898."

Putting aside the question of materiality, it is clear that the case at bar does not present a "variance" as that term has been applied in Wisconsin. Mrs. Martineau would have the court consider, by way of amendment, a cause of action only remotely connected to the original proceeding. The mine-run cases involving variances and allowed amendments to conform with the proof involve situations where the *ad damnum* clause is amended, *Lisowski v. Chenenoff* (1968), 37 Wis. 2d 610, 155 N. W. 2d 619; where the facts as proved are different from those alleged, *Lake Geneva v. States Improvement Co., supra;* or where the proof supplies facts which were erroneously failed to be alleged in the original pleading,

*Union Mfg. Co. v. Spies* (1923), 181 Wis. 497, 195 N. W. 326.

In this case, not only does Mrs. Martineau seek to have the court consider as pleaded a cause of action taken from the whole cloth, but she also apparently wishes the court to formulate the pleading itself, since even if this case involved a conventional variance there is no pleading to be "taken as amended." The eminent domain proceeding is a special proceeding. Sec. 260.03, Stats. *Cornish v. Milwaukee & Lake Winnebago R. R. Co.* (1884), 60 Wis. 476, 478, 19 N. W. 443; *Wisconsin Central R. Co. v. Cornell University* (1880), 49 Wis. 162, 164, 5 N. W. 331. The only relevant documents are the jurisdictional offer, the petition for assignment of the matter to the county condemnation commissioners for a determination of just compensation, and the notice of appeal to the circuit court from the award of the condemnation commissioners. Thus there is no pleading to be amended.

We hold that this court's mandate and the lower court's cumulative order terminated the only proceeding pending —the eminent domain proceeding. At that point the questions of title and navigability became moot and were dismissed with the rest of the proceeding. They did not constitute separate, independently surviving causes of action because they were not pleaded and because there is no pleading in existence capable of amendment. At the time the trial court made its judgment, findings and conclusions, there was no case pending before it upon which they could be based.

Should Mrs. Martineau be desirous of resolving the questions of title and navigability, she may proceed to do so by instituting a quiet title action pursuant to sec. 281.01, Stats. 1971, or other appropriate remedy.

*By the Court.*—Judgment reversed and set aside.