*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LAKYRA LASHAE CARTER,

      Plaintiff-Appellant,

v

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

      Defendant-Appellee.

UNPUBLISHED
February 29, 2024

No. 365522
Wayne Circuit Court
LC No. 21-007602-NF

Before: FEENEY, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

Plaintiff, Lakyra Lashae Carter, was injured in a motor-vehicle collision, and she assigned her right to recover first-party no-fault benefits to several medical providers who gave her care. In the wake of those assignments, she filed suit seeking first-party no-fault benefits from her insurer, defendant, Progressive Michigan Insurance Company (Progressive). The trial court resolved this dispute by awarding summary disposition to Progressive under MCR 2.116(C)(6) (another action initiated between same parties involving same claim) and MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

## I. FACTUAL BACKGROUND

On May 16, 2021, plaintiff was involved in a motor-vehicle collision. At that time, plaintiff had an automobile insurance policy with Progressive. Plaintiff suffered injuries requiring medical treatment, services, or accommodations, and she entered into assignments with medical providers American Medical Center ("American Medical"), A One Rehab, LLC ("A One"), Nerveana, LLC ("Nerveana"), and TJ Medical Supplies LLC ("TJ Medical").

On June 23, 2021, plaintiff filed this case, accusing defendant of unreasonably refusing to reimburse plaintiff for personal protection insurance (PIP) benefits that she was entitled to receive for expenses she incurred for her treatment by various providers. Defendant moved for summary disposition, arguing that plaintiff's claims for medical services rendered by medical providers with which plaintiff had entered into assignment contracts were barred because plaintiff lacked standing and was not the real party in interest. Plaintiff responded to the motion, attaching four revocations

of assignments executed by American Medical, A One, Nerveana, and TJ Medical after plaintiff filed suit.

The trial court awarded defendant summary disposition under MCR 2.116(C)(6) and MCR 2.116(C)(10). To reach that result, the trial court explained that, to the extent plaintiff entered into assignments with medical providers, plaintiff was not the real party in interest and lacked standing to bring the lawsuit when she filed her complaint. The trial court further found that the assignments were irrevocable, the revocations were invalid, and plaintiff's claims were barred by the one-year-back rule. After the trial court rendered its written order on March 23, 2023, granting defendant's motion for summary disposition, plaintiff appealed.

## II. LEGAL ANALYSIS

Plaintiff insists that the trial court erred in granting summary disposition to defendant based on plaintiff's assignments of her first-party claims. "We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). The trial court relied on MCR 2.116(C)(6) and (10) in granting summary disposition. According to MCR 2.116(C)(6), summary disposition is appropriate when "[a]nother action has been initiated between the same parties involving the same claim." According to MCR 2.116(C)(10), summary disposition is warranted when "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." There exists a genuine issue of material fact " 'when the record leaves open an issue upon which reasonable minds might differ.' " *El-Khalil*, 504 Mich at 160. The trial court concluded that, because plaintiff "signed an assignment to the provider of her right to collect or pursue a case against the insurer, she is not the real party in interest and lacks standing to pursue those claims[.]" "Whether a party has standing presents a question of law that this Court reviews de novo." *Trademark Props of Mich, LLC v Fed Nat'l Mortgage Ass'n*, 308 Mich App 132, 136; 863 NW2d 344 (2014).

Under MCL 500.3107(1)(a), PIP benefits are payable for "[a]llowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." The no-fault act allows injured claimants "to pursue recovery of PIP benefits themselves or they may assign their right to recovery to their medical providers." *Wallace v Suburban Mobility Auth for Regional Transp*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 360537); slip op at 3. "In determining whether an assignment has been made, the question is one of intent." *Burkhardt v Bailey*, 260 Mich App 636, 655; 680 NW2d 453 (2004) (quotation marks and citation omitted). A written agreement assigning a subject matter must express "the assignor's intent to transfer the subject matter clearly and unconditionally to the assignee." *Id*. (quotation marks and citation omitted). "No particular form of words is required for an assignment, but the assignor must manifest an intent to transfer and must not retain any control or any power of revocation." *Id*. at 654-655 (quotation marks and citations omitted).

"When an assignment occurs, the assignee of a cause of action becomes the real party in interest with respect to that cause of action, inasmuch as the assignment vests in the assignee all rights previously held by the assignor." *Farrar v Suburban Mobility Auth for Regional Transp*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket Nos. 358872 and 358884); slip op at 3 (quotation marks and citations omitted). The real party in interest requirement is a "standing

-2-

doctrine," which "recognizes that litigation should be begun only by a party having an interest that will assure sincere and vigorous advocacy." *Barclae v Zarb*, 300 Mich App 455, 483; 834 NW2d 100 (2013) (quotation marks and citation omitted). In *Farrar*, we held, upon execution of valid assignment contracts with medical providers, the "providers became the real parties in interest with respect to their claims for benefits, and only they could sue to recover those benefits. Plaintiff, therefore, did not have standing to sue to recover the benefits associated with those providers, and the trial court erred when it concluded otherwise." *Farrar*, ___ Mich App at ___; slip op at 6.

This case is similar to *Farrar*. Plaintiff executed assignments with American Medical, A One, Nerveana, and TJ Medical. When plaintiff executed those assignments, American Medical, A One, Nerveana, and TJ Medical became the real parties in interest in this matter, and plaintiff lost the ability to pursue claims related to those providers. Defendant does not contest the validity of the assignments; it only challenges the validity of the revocations. The trial court correctly ruled that plaintiff executed valid assignments to medical providers before filing this case,[1] so plaintiff lacked standing to sue to recover benefits related to those providers. Plaintiff does not argue any of the medical bills at issue in this case relate to assignments executed after this case was filed.

The revocations of assignments do not impact plaintiff's standing to bring this suit. "[O]ne must be the real party in interest at the time the lawsuit is filed, and a retroactive, or *nunc pro tunc*, revocation may not be used to correct a factual problem that existed when the lawsuit was filed." *Wallace*, ___ Mich App at ___; slip op at 5 (quotation marks and citation omitted). Plaintiff has provided no evidence to suggest the revocations were effective before the date plaintiff filed this suit. Plaintiff's arguments regarding the validity of the revocations are irrelevant because they are not outcome-determinative. Regardless of whether the revocations were validly executed, plaintiff lacked standing to initiate the litigation.

Beyond that, plaintiff may not execute revocations of assignments to avoid application of the one-year-back rule. *Id*. Under MCL 500.3145(1):

> An action for recovery of personal protection insurance benefits payable under this chapter for an accidental bodily injury may not be commenced later than 1 year after the date of the accident that caused the injury unless written notice of injury as provided in subsection (4) has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury.

"The one-year-back rule is designed to limit the amount of benefits recoverable under the no-fault act to those losses occurring no more than one year before an action is brought." *Joseph v Auto*

---

[1] The record includes assignments, executed by A One, dated before the date of plaintiff's collision. A One's revocation of assignments, however, indicates A One did execute assignments for medical expenses related to the collision in this case. Because the record includes incorrect assignments for A One, we cannot determine whether A One's assignments were executed before or after the complaint was filed. But plaintiff does not argue that her assignments with A One were executed after she filed this case. In any event, summary disposition was proper because plaintiff's claims involving A One are barred by the one-year-back rule, as we explain later. See MCL 500.3145(1).

*Club Ins Ass'n*, 491 Mich 200, 203; 815 NW2d 412 (2012).  Where a revocation of assignment is obtained after a provider's right to collect on a claim has "already been extinguished by the one-year-back rule," there are "no actionable causes of action to give back to plaintiff."  *Wallace*, ___ Mich App at ___; slip op at 6.

Here, plaintiff's collision occurred on May 16, 2021.  All of the revocations of assignments are dated later than one year after that collision: Nerveana's revocation is dated November 2, 2022; TJ Medical's revocation is dated November 13, 2022; A One's revocation is dated November 21, 2022; and American Medical's revocation is dated December 12, 2022.  Thus, each revocation of assignment was obtained after the provider's claims were extinguished by the one-year-back rule, so no viable cause of action remains for the plaintiff to assert in this case.[2]

Affirmed.

/s/ Kathleen A. Feeney
/s/ James Robert Redford
/s/ Christopher P. Yates

---

[2] On appeal, plaintiff challenges defendant's standing to contest the validity of the revocations and she relies on *Bowles v Oakman*, 246 Mich 674, 678; 225 NW2d 613 (1929), for her argument.  The trial court's order granting defendant's motion for summary disposition concluded that "the plain language of the assignments state they are *irrevocable* and cannot be passed back and forth at will under the law of contracts and that suit was filed before the revocations (which are invalid) were attempted, *and they do not relate back to the filing of the complaint*."  (Emphasis added).  Thus, even if we assume for the sake of argument that the revocations obtained by plaintiff were all valid, plaintiff would have no viable claims because of the one-year-back rule.  *Wallace*, ___ Mich App at ___; slip op at 6.