184    SUPREME COURT OF WISCONSIN.    [Nov.

State ex rel. Miller v. Thompson, 151 Wis. 184.

STATE EX REL. MILLER and another, Respondents, vs. THOMPSON, City Clerk, Appellant.

*October 30—November 19, 1912.*

*Taxation: Board of review: Certiorari: Jurisdictional errors: Valuation of real property: Improvements: Evidence of true value: Presumptions.*

1. The judicial review, on *certiorari*, of the action of a board of review extends only to the correction of jurisdictional errors.
2. An assessor's valuation laid before a board of review is presumed, in the absence of evidence to impeach it, to be correct; and it is also presumed that the decision of the board of review as to valuation is correct.
3. The fact, shown before a board of review, that real property is not on a paying basis as presently managed does not establish its value; nor does the fact that old buildings thereon if torn down would be worth only the wreckage establish their value as a going concern; nor does the fact that the owner will derive a larger revenue from a lease of the land for ninety-nine years, which has been made to one who will tear down the old and erect new buildings, show that the present buildings are not worth the assessor's valuation.
4. Evidence of such facts is not evidence of the market value of the property or the price which could ordinarily be obtained for it at private sale (sec. 1052, Stats.); and the affirmance by the board of review of the assessor's valuation, notwithstanding such evidence, was not a jurisdictional error.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

*Daniel W. Hoan,* city attorney, for the appellant.

For the respondents there was a brief by *Miller, Mack & Fairchild,* and oral argument by *James B. Blake.*

KERWIN, J.    This is a proceeding by *certiorari* to review a judgment of the circuit court for Milwaukee county declaring illegal and void the action of the board of review in confirming the assessor's assessment of certain property be-

longing to the estate of John Plankinton, deceased, and set-
ting aside the assessment and action of the board of review.
The matter was brought to a hearing upon the return of the
appellant, *Carl D. Thompson,* city clerk of the city of Mil-
waukee, and as such clerk of the board of review. The er-
rors assigned involve the following propositions: (1) That the
assessment of $2,900,000 on the real estate and improvements
was improper, arbitrary, illegal, and without jurisdiction;
(2) that the assessed valuation of said property for the year
1911 should have been fixed by the board of review at the sum
of $2,600,000, apportioned as follows: $2,600,000 as the as-
sessed valuation of real estate exclusive of buildings and im-
provements thereon, and no dollars as the assessed valuation
of the buildings and improvements on said real estate.

The real controversy on this appeal is whether the board
of review was justified in affirming the assessment. The
property involved is the Plankinton House property in the
city of Milwaukee. The assessment had been entered upon
the assessment roll and delivered to the city clerk of the city
of Milwaukee. The judgment of the circuit court reversed
the action of the board of review and set aside the assessment.
A writ of *certiorari* was issued at the instance of *H. A. J. Up-
ham* and *George P. Miller* as trustees of the estate of John
Plankinton. The assessment placed upon the property by the
assessor was itemized between the real estate and improve-
ments on the real estate as follows: Real estate $2,600,000,
improvements $300,000. On the hearing it was conceded,
for the purpose of the hearing at least, that the real estate ex-
clusive of buildings was worth $2,600,000, but objection to
the assessment of the additional $300,000 on account of
buildings and improvements on the real estate was pressed.
*George P. Miller,* one of the trustees of the Plankinton estate,
testified before the board of review that he was familiar with
the land in controversy, giving a description of it; that the
property had been rented at best available prices, and that in

the course of the last few years the taxes and rents have increased; that the assessment of $2,600,000 for the ground is about right, or at least he did not desire to make any particular objection to it; that, considering the real estate worth $2,600,000, the improvements thereon are only worth the wreckage, because with an assessment of $2,600,000, estimating taxes at seventeen mills, the taxes upon the property would be in the neighborhood of $50,000, and if the hotel business situate upon the property did not make money the rent from the property, after payment of expenses and repairs, would not pay the taxes; that in order to make the property earn the taxes it has to be improved, and to run the property in the present state with the present improvements, with taxes increasing, would mean confiscation, as the taxes would take all the income; that the trustees have been trying for three years to rent the property for a period of ninety-nine years and have negotiated to that effect; that a ninety-nine year lease would secure an average annual rental of about $125,000; that the property was further menaced because the buildings, especially including the Plankinton House hotel, are old and not in accord with what people expect in a first-class hotel, therefore the lessee intends to tear down the buildings and construct a new hotel, hence the improvements, including the buildings, furniture, fixtures, etc., are largely sacrificed; that even if the estate had not been leased and the buildings used, every year they use them they are running behind, and the buildings have no market value, because, in case of the removal of these and the erection of new buildings, the old buildings are worth only wreckage; that the real estate is so valuable it has to be improved in order to make it earn anything, or the taxes will eat it up, and if it is necessary to improve it in order to make the taxes you cannot say the improvements are worth a cent; that the ninety-nine year lease is in effect subject to the approval of the court; that insurance policies are out on these buildings for

at least $300,000; that the total rentals in 1909 were between $70,000 and $71,000.

The foregoing is in substance the material part of the evidence given by *Mr. Miller,* and no other evidence was offered on the part of the trustees. The question, therefore, arises whether the board of review was within its jurisdiction in affirming the valuation made by the assessor. The fact that the property is not on a paying basis as presently managed does not establish its value, nor does the value of the buildings if torn down establish their value as a going concern. So far as the evidence shows, the buildings may be the main source of revenue, and without any buildings there would be no revenue from the property. Nor does the fact that a ninety-nine year lease and new buildings will produce more revenue from the property establish that the present improvements on the ground are not worth the assessed valuation.

Real estate should be valued by the assessor at the full value which could ordinarily be obtained therefor at private sale. Secs. 1035 and 1052, Stats.; *State ex rel. N. C. Foster L. Co. v. Williams,* 123 Wis. 61, 100 N. W. 1048; *Salscheider v. Fort Howard,* 45 Wis. 519. The evidence of *Mr. Miller* was not evidence of the market value of the property or what price could ordinarily be obtained for it at private sale.

In review upon *certiorari* only jurisdictional matters can be reached, and the action of the board of review cannot be disturbed if there be reasonable ground for belief that it was the result of honest judgment. *State ex rel. N. C. Foster L. Co. v. Williams, supra; State ex rel. M. A. Hanna D. Co. v. Willcuts,* 143 Wis. 449, 128 N. W. 97; *State ex rel. Augusta v. Losby,* 115 Wis. 57, 90 N. W. 188; *State ex rel. Manitowoc v. County Clerk,* 59 Wis. 15, 16 N. W. 617; *State ex rel. Lake Nebagamon Ice Co. v. McPhee,* 149 Wis. 76, 135 N. W. 470, and cases cited.

An assessor's valuation laid before a board of review is presumed, in the absence of evidence to impeach it, to be cor-

rect. *State ex rel. Vilas v. Wharton,* 117 Wis. 558, 94 N.
W. 359. And the presumption is that the decision of the
board of review as to valuation is correct. *State ex rel. Davis
& S. L. Co. v. Pors,* 107 Wis. 420, 83 N. W. 706; *State ex
rel. Giroux v. Lien,* 108 Wis. 316, 84 N. W. 422; *State ex
rel. J. S. Stearns L. Co. v. Fisher,* 124 Wis. 271, 102 N. W.
566; *State ex rel. Heller v. Lawler,* 103 Wis. 460, 79 N. W.
777; *State ex rel. Ellis v. Thorne,* 112 Wis. 81, 87 N. W.
797.

The judicial review of the action of the board of review on
*certiorari* only extends to the correction of jurisdictional er-
rors. *State ex rel. N. C. Foster L. Co. v. Williams,* 123 Wis.
61, 100 N. W. 1048; *State ex rel. Edward Hines L. Co. v.
Fisher,* 129 Wis. 57, 108 N. W. 206. We are convinced that
there was no jurisdictional error in the decision of the board
of review in affirming the valuation of the assessor, therefore
the court below was in error in disturbing the decision of the
board.

*By the Court.*—The judgment of the court below is re-
versed, and the cause remanded with directions to affirm the
decision of the board of review.