STATE EX REL. KIMBERLY-CLARK COMPANY, Appellant, vs. WILLIAMS, City Clerk, Respondent.

*April 13—May 4, 1915.*

*Taxation: Valuation by assessor: Board of review: Disregard of evidence: Jurisdictional error: View of property: Decision, when disturbed: Evidence as to separate valuation of improvements on land.*

1. The assessor's valuation of property is *prima facie* correct and is binding on the board of review in the absence of evidence showing it to be incorrect.

2. A board of review is not an assessing body, but is a *quasi-*judicial body whose duty it is to hear evidence tending to show errors in the assessment roll and to decide on such evidence whether or not the assessor's valuation is correct.

3. Disregard, by the board of review, of competent testimony, unimpeached by other evidence, which shows the assessor's valuation to be incorrect, is jurisdictional error.

4. Where the evidence is conflicting, the board of review may perhaps view property for the purpose of aiding in determining the true value, but it cannot base its decision on such view in disregard of the uncontradicted sworn testimony.

5. If, in any reasonable view of it, the evidence taken furnished a substantial basis for the action of the board, and it is not shown

State ex rel. Kimberly-Clark Co. v. Williams, 160 Wis. 648.

that it acted arbitrarily or dishonestly, its decision will not be disturbed by the courts.

6. The owner of real property who objects, before the board of review, to the assessment thereof may accept the assessor's valuation of the land itself and limit his objections and his evidence to the separate valuation of the buildings and improvements.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

The relator is the owner of certain parcels of real estate situated in the city of Appleton. One of these was known as the Telulah Paper Company mill plant. The land on which the mill stood, exclusive of improvements, was assessed at $57,900 in the year 1914 and the improvements were assessed at $275,000, making the total assessment on the property $332,900. Another property owned by the relator is referred to as the Vulcan property. The land and power were assessed at $102,000 and the improvements at $70,000. A third property was known as the Atlas mill, the land and power being assessed at $60,000 and the mill at $60,000. The relator challenged the correctness of the valuation placed upon the buildings and improvements, such challenge reciting that the Telulah mill was not worth to exceed $186,000; that the Vulcan power house was not worth to exceed $51,000; and that the Atlas mill was not worth to exceed $30,000. No objection was made to the value placed upon the land and water power connected with any of these mills.

Pursuant to this challenge the relator appeared before the board of review and offered the testimony of three witnesses tending to show that the mills were not worth to exceed the amounts set forth in the challenge. No evidence to the contrary was offered. The board of review reduced the assessment on the Atlas mill from $60,000 to $45,000, but made no other change in the valuations. The relator sued out a writ of *certiorari* to review the proceeding of the board of review, alleging that it acted in excess of its jurisdiction and in total disregard of the uncontradicted evidence before it.

The board of review alleged in its return to the writ that after hearing the evidence presented by the *Kimberly-Clark Company* it visited each of the several properties and mills involved, making careful, full, and complete examination of the buildings and machinery connected therewith to ascertain and determine the assessable value of said several properties at the full value which could ordinarily be obtained therefor at private sale, and determined and fixed the assessable values at the amounts hereinbefore stated. The return sets forth the proceedings had before the board of review, including the testimony taken before it. The relator demurred to the return. On the issues thus made up the court entered judgment affirming the action of the board of review and overruling the demurrer and quashing and dismissing the writ, and awarding respondent $50 for costs and disbursements of the action. From this judgment the relator appeals.

For the appellant there were briefs by *Hooper & Hooper,* and oral argument by *Moses Hooper.*

For the respondent the cause was submitted on the brief of *Henry D. Ryan.*

BARNES, J. Pursuant to sec. 1052, Stats., the assessor entered in one column of his roll the valuation placed on the land and water power and in a second column the value fixed on improvements and in a third column the aggregate value of these two items as to all three properties involved. The relator found no fault with the valuations placed upon the lands and water power, but did claim that the improvements were grossly overvalued. In support of this claim it produced three competent witnesses who testified before the board of review on the value of these improvements. There was not much variance between the evidence of these witnesses. The Telulah mill had been assessed at $275,000. The evidence offered was to the effect that its value was $186,000. The Vulcan power house had been assessed at $70,000. The evi-

dence offered showed its value to be $51,000. The Atlas mill was assessed at $60,000. The evidence showed that it was not worth to exceed $30,000. No other evidence was offered. The board of review made a personal inspection of the properties and concluded to reduce the assessment on the Atlas mill $15,000, but did not change the assessor's valuation on the other properties.

The assessment of the relator's property made by the assessor was *prima facie* correct, and was binding on the board of review in the absence of evidence showing it to be incorrect. *State ex rel. Althen v. Klein,* 157 Wis. 308, 147 N. W. 373, and cases cited; *State ex rel. Miller v. Thompson,* 151 Wis. 184, 138 N. W. 628, and cases cited.

A board of review is not an assessing body, but is a *quasi*-judicial body whose duty it is to hear evidence tending to show errors in the assessment roll, and to decide on such evidence whether or not the assessor's valuation is correct. *Brown v. Oneida Co.* 103 Wis. 149, 79 N. W. 216; *State ex rel. Heller v. Lawler,* 103 Wis. 460, 79 N. W. 777; *State ex rel. Augusta v. Losby,* 115 Wis. 57, 63, 90 N. W. 188; *Fond du Lac W. Co. v. Fond du Lac,* 82 Wis. 322, 334, 52 N. W. 439.

Where there is competent testimony, unimpeached by other evidence, which shows that the assessor's judgment is at fault, such evidence cannot be disregarded by the board of review. If the board does disregard it, jurisdictional error is committed. *Milwaukee I. Co. v. Schubel,* 29 Wis. 444, 452, 453; *State ex rel. Heller v. Lawler, supra; Brown v. Oneida Co., supra; Tainter v. Lucas,* 29 Wis. 375; *Wilson v. Heller,* 32 Wis. 457.

While a board of review might perhaps view property where the evidence was conflicting, for the purpose of aiding it in determining where the truth lay, it could not, in reaching a conclusion, substitute the opinion which it formed from such view, for evidence, and decide contrary to the uncon-

tradicted sworn testimony.    *Washburn v. M. & L. W. R. Co.*
59 Wis. 364, 369, 370, 18 N. W. 328; *Munkwitz v. C., M. &
St. P. R. Co.* 64 Wis. 403, 407, 25 N. W. 438; *State ex rel.
Heller v. Lawler, supra; Hughes v. C., St. P., M. & O. R. Co.*
126 Wis. 525, 528, 106 N. W. 526; *Brown v. Oneida Co.,
supra.*

As might be expected, assessors sometimes make mistakes.
The only substantial remedy which the taxpayer has, from a
practical standpoint, is an appeal to the board of review.   The
law very properly provides for a *quasi*-judicial hearing before
that supposedly impartial tribunal.   The board stands be-
tween the public on the one side and the individual on the
other, and the theory is that it should afford each a fair and
impartial hearing and reach an unbiased and just conclusion
on the evidence.   Here the board, honestly enough no doubt,
acted under the mistaken belief that it could disregard the
evidence submitted, and perform the functions of an assessor
and follow its own opinion on values, regardless of the sworn
testimony produced.   In proceeding in this way it committed
jurisdictional error.

If in any reasonable view of it the evidence taken furnished
a substantial basis for the action of the board, and it is not
shown that it acted arbitrarily or dishonestly, its decision will
not be disturbed by the courts.   *State ex rel. Allhen v. Klein,*
157 Wis. 308, 147 N. W. 373, and cases cited.   It cannot be
said that any reasonable view of the evidence will support the
conclusion reached here, because the conclusion is contrary to
all the evidence.

While conceding that there was no evidence offered to sus-
tain the decision of the board, the respondent insists that it
had a right to reach a conclusion as a result of a personal ex-
amination of the property, and that in any event the evidence
offered by the relator was weak, unsatisfactory, inconclusive,
and insufficient to overcome the *prima facie* case made by the
assessment roll itself.   As already shown, the board could not

disregard the sworn testimony simply because it viewed the property and reached a conclusion at variance with that of the witnesses.

Except in one particular we do not understand the force of the other objections made to the sufficiency of the testimony offered by the relator. That evidence went directly to the market value of the property, what it was worth at private sale as between buyer and seller. The explanations made by the witnesses on their direct and cross-examinations, as to how they reached the results testified to, were pertinent and proper. It is suggested, however, that the evidence should have been directed to the value of the entire plants: land, water power, and buildings, instead of to the buildings.

If the relator was satisfied with the assessment on its land and water power it was not obliged to enter into any controversy over it. It might accept the result as correct and abide by it. Since the law required the two items to be valued separately, no reason is apparent why the judgment of the assessor could not be accepted as to one of the items, while his conclusion on the other was assailed. The legislature has made a division for the purpose of assessment of things that are not easily divisible, but the relator was not responsible for this, and was obliged to meet the condition which confronted it. There is nothing to show that the witnesses for the relator proceeded on any wrong basis or erroneous theory in arriving at the values they testified to.

We conclude that the court erred in affirming the decision of the board of review and in overruling the relator's demurrer to the return and in quashing and dismissing the writ. The demurrer should have been sustained and appropriate relief granted to the relator on its writ.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.

KERWIN, J., took no part.