STATE EX REL. PIERCE, Appellant, vs. JODON, Town Clerk, Respondent.

*January 16—February 12, 1924.*

*Taxation: Assessment: Boards of review: Duties: Review on certiorari: Presumptions: Duty of assessor: Property omitted from tax roll: Assessment in subsequent year.*

1. The duties of boards of review are *quasi*-judicial, and courts have no jurisdiction to disturb their findings or determinations except where they act in bad faith or exceed their jurisdiction. p. 647.
2. Judicial review on *certiorari* of the acts of boards of review extends only to jurisdictional errors, and not to mere errors of judgment as to the preponderance of evidence; and the court will review the evidence only so far as to ascertain whether there is reasonable ground for belief that the decision of the board is the result of honest judgment, and, if it is, its decision will not be disturbed. p. 647.
3. The presumptions are all in favor of the rightful action of a reviewing board. p. 648.

4. The valuation of property made by an assessor is *prima facie* correct, and is binding upon the board of review in the absence of evidence showing it to be incorrect.   p. 648.

5. Assessment officers must ascertain the market value of property from the best evidence obtainable and place that value on the assessment roll.   p. 648.

6. When assessment officers have acted on the evidence and facts before them honestly and without discrimination, the appellate court, on appeal from the judgment in *certiorari* proceedings, will examine the record to ascertain if there is any competent, credible evidence to sustain the valuations placed upon the property by the assessing officers, but upon finding such evidence it will not weigh the testimony to determine where the preponderance lies.   p. 649.

7. On application to a board of review for a reduction of the assessed valuation of property assessed at one half its market value, which was in accordance with the general assessment in the town, evidence on which the board of review affirmed the assessment as to the real property and reduced it as to the personal property is *held* sufficient to sustain the assessment.   p. 649.

8. Property of the appellant which should have been assessed and taxed in 1921 but which by reason of the assessor's mistake was left off the assessment roll, for which reason collection of the tax was enjoined, is *held* within sec. 70.44, Stats. 1921, requiring the assessor to place omitted property on the roll.   p. 650.

APPEAL from a judgment of the superior court of Douglas county: W. R. FOLEY, Judge.   *Affirmed.*

The appeal is from a judgment affirming on *certiorari* an assessment for the year 1922 against certain real and personal property of the plaintiff and appellant.

The appellant is the owner of certain property known as Cedar Island Lodge, located on the Brule river in Douglas county, Wisconsin, the same being within the town of Highland. . The property consists of 4,226 acres of land, some of it heavily covered with timber, together with numerous buildings, including a fish hatchery, a greenhouse with flower beds, a deer park with fence, and a bear cage.   The property has private roads and paths with bridges crossing the Brule river.   Connected with the fish hatchery are a

number of small lakes partially artificially constructed. Connected also with the property are various machines, automobiles, and boats. The land also seems to be fenced. The real estate, including the buildings and improvements, was assessed for the year 1922 at $82,300; the personal property was assessed at $5,000, and in addition thereto there was assessed $1,320 on account of lumber that was not included in the assessment of 1921.

The petitioner applied for a reduction of his assessment before the board of review, and a hearing was had by the board and evidence taken. The board of review affirmed the assessment with the exception that it reduced the amount "on all other personal property" from $5,000 to $3,885, from which action the appellant had *certiorari* proceedings to the superior court. The superior court affirmed the assessment on the land and improvements; upheld the assessment on the lumber, and reduced the amount fixed by the board of review on all other personal property from $3,885 to $500, and entered judgment accordingly. From such judgment the plaintiff appeals.

For the appellant there was a brief by *Hanitch, Hartley, McPherson & Johnson* of Superior, and oral argument by *C. J. Hartley.*

For the respondent the cause was submitted on the brief of *Archibald McKay* of Superior.

CROWNHART, J. The principles of law are well settled governing the jurisdiction of courts in reviewing the findings of boards of review on *certiorari.* The duties of boards of review are *quasi*-judicial and courts have no jurisdiction to disturb their findings or determinations except where they act in bad faith or exceed their jurisdiction. *Brown v. Oneida Co.* 103 Wis. 149, 79 N. W. 216. Judicial review of the action of boards of review on *certiorari* extends only to jurisdictional errors. *State ex rel. Miller v. Thompson,* 151 Wis. 184, 138 N. W. 628; *State ex rel. M. A. Hanna*

*D. Co. v. Willcuts,* 143 Wis. 449, 128 N. W. 97. If a board of review does not act arbitrarily or dishonestly and the evidence presented before it is sufficient to furnish any substantial basis for the valuation found by the board, its decision will not be disturbed. *State ex rel. Kimberly-Clark Co. v. Williams,* 160 Wis. 648, 152 N. W. 450. The review here extends only to correction of jurisdictional errors and does not include mere errors of judgment as to the preponderance of the evidence. *State ex rel. Edward Hines L. Co. v. Fisher,* 129 Wis. 57, 108 N. W. 206. Upon *certiorari* to a non-judicial body such as a board of review, the court will review the evidence only so far as to ascertain if there is reasonable ground for belief that the decision is the result of honest judgment, in which case it will not be disturbed. *State ex rel. N. C. Foster L. Co. v. Williams,* 123 Wis. 61, 100 N. W. 1048; *State ex rel. Vilas v. Wharton,* 117 Wis. 558, 94 N. W. 359. This court will review the proceedings to ascertain whether such body has kept within its jurisdiction and whether such board acted upon competent evidence sufficient to give it jurisdiction. *State ex rel. Wood Co. v. Dodge Co.* 56 Wis. 79, 13 N. W. 680. The presumptions are all in favor of the rightful action of such board. The assessor's valuation of property is *prima facie* correct and is binding upon the board of review in the absence of evidence showing it to be incorrect. *State ex rel. Kimberly-Clark Co. v. Williams,* 160 Wis. 648, 152 N. W. 450. Such is the law applicable to the case.

The appellant is the owner of the property assessed, which is very extensive and used by the owner for a pleasure resort. It may be admitted that the property is not such as is ordinarily found on the market for purchase and sale. There is always great difficulty in ascertaining the market value of property of this character for that reason. Nevertheless, the assessment officers must ascertain the market value of the property from the best evidence obtainable, and place the same on the assessment roll accordingly. All that

can be asked of assessment officers is that they act on the evidence and facts before them, honestly and without discrimination against such property. When this is done and the case is before us on appeal, we will examine the record to ascertain if there is any competent, credible evidence to sustain the valuations placed upon the property by the assessing officers, and if there be such, it is not our province to weigh the testimony to determine where the preponderance lies.

An examination of the record in this case shows that the assessor used his best judgment in fixing the amount of the assessment on the appellant's property so that it would bear its just tax in relation to all other property in the town. When the matter came before the board of review, testimony was produced by both parties. It will serve no purpose to recite this testimony in detail. Neither party was able to produce before the board of review any actual sales of property of this particular kind, considered as a whole. The town produced two employees of the state tax commission, who had long and large experience in fixing valuations of timber, lands, and other property in Northern Wisconsin, and who were able to closely approximate the cost of the buildings on the premises with their depreciation, and to determine the value of the timber, separately and in conjunction with the land. These witnesses testified to such values, and then gave as their judgment the value of the property as a whole, including in their judgment the market value of such property. A former assessor of the town likewise testified to his judgment of the market value of the property. The appellant produced in evidence two real-estate men of Superior, who had large experience in dealing in real estate generally, but who had had little or no experience in handling property of this kind in this locality. From the testimony before the board of review it seems without question that there was credible, competent testimony upon which the board of review might take the action that it did

in determining the market value. It seems that the appellant's property was not assessed at the actual market value, but at one half its market value, which was in accordance with the general assessment in the town.

Complaint is made of the assessment on lumber which was left off the assessment roll for the year 1921 and added in the year 1922. It seems that the lumber was placed on the assessment roll in 1921 by the assessor, after the roll had been turned over to the board of review and without notice to the owner. Because of this fact an injunction was granted against the town officers to prevent the collection of the tax on the lumber, and judgment was rendered in favor of the plaintiff, so the owner was not required to pay any tax on this lumber for the year 1921, although it appears that he owned the lumber and should have paid a tax, and that he escaped taxation solely because of the error of the assessor. This lumber was property which the appellant owned in the year 1921, which should have been assessed and taxed in that year, and which, because of the facts stated, was left off the roll. It plainly comes within the statute requiring the assessor to place it on the roll for the year 1923. Sec. 70.44, Stats.

*By the Court.*—The judgment of the superior court is affirmed.