STATE EX REL. FOX VALLEY CANNING COMPANY, Respondent, vs. POOLE, Village Clerk, Appellant.

*May 2—June 4, 1929.*

For the appellant the cause was submitted on the brief of *Albert H. Krugmeier* and *Joseph Witmer,* both of Appleton.

For the respondent there was a brief by *David C. Pinkerton* of Oshkosh, attorney, and *Bradford & Bradford* of Appleton, associate counsel, and oral argument by *Mr. Pinkerton* and by *Mr. Roman Heilman* of Madison.

ROSENBERRY, C. J.   Error is assigned because it is claimed the court by the judgment reversed the entire action by the board of review.   This contention seems to be based upon a

misconception of the holding of the trial court. The only matter treated in the judgment is the assessment relating to improvements upon the land. After setting forth the facts and the evidence in relation thereto, the court determined and adjudged "that the said action of the said board of review be and is hereby reversed and annulled." This can refer to nothing but the action of the board increasing the assessment on the improvements as indicated.

It is further urged that the court was in error in holding that there was no evidence to sustain the finding made by the board of review. We have carefully searched the record and it is considered that the trial court must be sustained. There is considerable evidence as to how the assessor arrived at his valuation. There is some evidence as to the cost of machinery and buildings, but none whatever as to the fair market value of the improvements. One has only to look around at property owned by brewing companies, tanneries, and beet-sugar factories to realize that cost bears very little if any relation to present market value. The statute requires the real estate to be valued at the full value which could ordinarily be obtained therefor at private sale, which ordinarily is its fair market value. It is considered that the trial court correctly determined this question.

It is also urged that this action is futile and that the proper remedy of the relator was to pay the tax and bring an action to recover it. It is considered that this contention is not well founded. The board of review took final action August 1, 1928, the writ of *certiorari* was issued August 13th, the judgment of the circuit court was rendered October 19, 1928; the assessment roll remains in the hands of the clerk until the third Monday in December as provided by sec. 70.68, Stats. *State ex rel. Heller v. Lawler,* 103 Wis. 460, 79 N. W. 777.

*By the Court.*—Judgment affirmed.