WORTHINGTON PUMP & MACHINERY CORPORATION, Appellant, vs. CITY OF CUDAHY, Respondent.

*May 11—June 12, 1931.*

228

For the appellant there was a brief by *Bottum, Hudnall, Lecher, McNamara & Michael,* and oral argument by *Suel O. Arnold,* all of Milwaukee.

For the respondent there was a brief by *Edward G. Minor,* city attorney of Cudahy, and *C. Stanley Perry,* assistant corporation counsel of Milwaukee county, of counsel, and oral argument by *Mr. Minor.*

WICKHEM, J. The authorities in this state clearly set forth the rule that the assessor's valuation is *prima facie* correct, and will not be set aside in the absence of evidence showing it to be incorrect. *State ex rel. Miller v. Thompson,* 151 Wis. 184, 138 N. W. 628; *State ex rel. Althen v. Klein,* 157 Wis. 308, 147 N. W. 373; *State ex rel. Kimberly-Clark Co. v. Williams,* 160 Wis. 648, 152 N. W. 450; *Peninsular Power Co. v. Wisconsin Tax Comm.* 195 Wis. 231, 218 N. W. 371.

In this case the attack upon the correctness of the assessment was by the testimony of three real-estate experts, all of whom limited their testimony to the opinion that the property has not enhanced in value between 1927, the year of the assessment under attack, and 1928, when the sale was made. There was no other attack made upon the assessment. There was no detailed examination of the basis upon which the assessment was made; hence cases such as *State ex rel. Oshkosh Country Club v. Petrick,* 172 Wis. 82, 178 N. W. 251; *State ex rel. Pierce v. Jodon,* 182 Wis. 645, 197 N. W. 189; *State ex rel. Gisholt M. Co. v. Norsman,* 168 Wis. 442, 169 N. W. 429; and *State ex rel. N. W. Mutual Life Ins. Co. v. Weiher,* 177 Wis. 445, 188 N. W. 598, are of little assistance here. The trial court concluded that the testimony of these experts "lacked probative force." Defendant objected to the competency of the experts on the ground that they had no knowledge either of the intrinsic properties of the plant or the state of the markets. Defendant's objections were based on the case of *State ex rel. Park Falls Lumber Co. v. Stauber,* 190 Wis. 310, 207 N. W. 409. The court received the evidence

subject to objection, and it is quite evident from the memorandum filed by the trial court that the trial court considered the evidence as competent but of insufficient weight to satisfy it that the conclusions of the experts were sound.

Since we believe that the trial court was under no obligation, in view of the circumstances, to treat the opinions of the experts as verities, it is unnecessary to consider whether the court should have admitted this testimony at all. It is clear from the cross-examination of the witnesses that they never sold any manufacturing plants of this type in the city of Cudahy, and that they had no knowledge of sales of similar property in Cudahy during the year 1927 or prior thereto. All of the experts admitted unfamiliarity, except in a very general way, with the plant of the plaintiff. Even if the court were compelled to accept the conclusion of the experts, the most that their evidence would establish was that there had been no change in values between 1927 and 1928. Their evidence does not establish that the selling price of $250,000 was a fair selling price, and in view of the fact that it appears from the report of the president of the plaintiff company that the sale was made at the best price obtainable for the purpose of avoiding the large overhead incident to carrying unproductive property, we do not think the court was bound to conclude that the property was worth not more than $250,000 in 1928. It appears without contradiction that this property was assessed, without any protest on the part of the plaintiff, at very nearly the same amount during the years 1924 to 1927, inclusive. It appears that the property was listed for sale with one of the real-estate men who testified, at the sum of $1,500,000 in 1926. The property was carried at a larger sum than that at which it was assessed, both on the books of the company and in the income tax return.

We think the trial court had a right to conclude: first, that the plaintiff had not shown to its satisfaction that there had been no change in property values between 1926 and

1927.; second, that the evidence pointed to the fact that the sale of 1928 was not a true measure of the value of the property because of the motives for its sale; and third, that the previous acquiescence of the plaintiff in these assessments, and its own attitude towards the value of the property, were somewhat probative of the fact that it had previously been assessed at its true value.

The contention is made that the court erred in admitting in evidence plaintiff's 1927 income tax return and the 1928 report of the president to the stockholders of the plaintiff. It is unnecessary to discuss the defendant's contention that these are admissible to form the basis of an estoppel. We think they are at least competent as admissions, in that they tend to show that plaintiff, prior to the litigation, had taken a position with respect to the issue of fact involved here, inconsistent with that which it contended for.at the trial.

*By the Court.*—Judgment affirmed.