STATE EX REL. FLAMBEAU PAPER COMPANY, Appellant, vs.
WINDUS, City Clerk, Respondent.

*June 1—June 20, 1932.*

584

The cause was submitted for the appellant on the brief of *Bundy, Beach & Holland* of Eau Claire, attorneys, and

*Miller, Mack & Fairchild* of Milwaukee of counsel, and for the respondent on that of *C. E. Lovett* of Park Falls.

FOWLER, J.   The parties agree that the only point in this case is whether, assuming the plaintiff's witnesses to have been competent to testify, there was any competent evidence offered on the part of the city to contradict the valuation set by them.

Sec. 70.32, Stats., provides that real estate shall be assessed at "the full value which could ordinarily be obtained therefor at private sale."   While the sale value is the point to which the evidence must be addressed, the board of review was not confined solely to the testimony of the witnesses in arriving at its determination.   The prospectus, book value, appraisals procured by the plaintiff, and the amount of insurance carried might properly be considered by the board of review.   It was recently held by this court that the book value set up by the owner and the price at which he listed the property for sale might be considered in fixing an assessment.   *Worthington Pump & M. Corp. v. Cudahy,* 205 Wis. 227, 237 N. W. 140.   Upon like reason the matters above stated were properly for consideration.   They were in the nature of admissions by the plaintiff of the sound value of the property assessed, and sound value is an element to be considered in determining what property will sell for at private sale, especially in the case of large industrial plants which from their magnitude and nature cannot have a market value in any strict or real sense.

But aside from this we are of opinion that the witnesses who were sworn by the city were eminently qualified to testify.   To state their qualifications in detail would unreasonably extend this opinion.   One of them was Mr. Hartt, a consulting engineer of Madison.   Five pages of respondent's

brief are devoted to stating his experiences in appraisals of industrial plants, utilities, water powers, pulp and paper mills, and paper-manufacturing plants. He knew of the sales of paper-mill properties made in recent years in Wisconsin although having no personal connection with them. He has been employed by the Railroad Commission to appraise properties on applications for permission to issue bonds, and has represented applicants before the commission in support of their applications. Another witness was Pearce Tomkins, assessor of incomes and supervisor of assessments for a district comprising five counties in the northern part of the state where several paper mills and water powers are located. He was at one time a member of the Tax Commission and for two years prior was the commission's field agent. He was appointed by the commission to make a revaluation of Outagamie county, which contains numerous paper and pulp mills. He also made surveys for the commission in Kenosha, Janesville, Beloit, La Crosse, and other smaller cities. Five pages of respondent's brief are taken up in stating his experience tending to qualify him as an expert. Mr. Cleasby, assessor of incomes at Eau Claire and ten adjoining counties, was another witness. Two paper mills with which he is familiar are located in his district. He assisted Mr. Tomkins in the reassessment of Outagamie county. Four pages of respondent's brief are taken up in stating his qualifying experiences. Mr. Rhein, an employee of the Tax Commission, was another witness for the defendant. Eight pages of respondent's brief are taken up in detailing his qualifications, experiences, and studies. The statements in respondent's brief as to the qualifying experiences of these witnesses are fully borne out by the record, and each detail mentioned tends in some degree to show qualification. While none of these experiences alone would qualify, all together do.

Each of these witnesses in fixing valuation took into account cost, depreciation, replacement value, earnings, industrial conditions, and sales of paper-mill and pulp-wood properties. These are factors entering into sale value, and proper to consider in judging it. *Milwaukee Trust Co. v. Milwaukee,* 151 Wis. 224, 229, 138 N. W. 707; *Schacht v. Oriental S. & T. Co.* 155 Wis. 121, 123, 143 N. W. 1058; *State ex rel. Gisholt M. Co. v. Norsman,* 168 Wis. 442, 169 N. W. 429; *State ex rel. Northwestern Mut. L. Ins. Co. v. Weiher,* 177 Wis. 445, 188 N. W. 598. No one sale was considered as nearly enough like the plaintiff's property to be controlling in fixing value, but so far as the sales marked tendencies they were considered. Some of the sales were excluded as being at too high a price, because resulting from conditions forced on the buyer by circumstances and some as not being *bona fide* sales. While it is true that the actual sale price of like property should be considered, if near enough in point of time, location, conditions, comprisal, and circumstances to be helpful in determining the price at which a sale would be made upon negotiations resulting in sale between private parties, the one willing to sell and the other willing to buy, even the sale price of the same property is not controlling because of motives and circumstances that may prevent that price from being a true measure of value. *Worthington Pump & M. Corp. v. Cudahy, supra.*

It is contended by appellant's counsel that as the witnesses of respondent did not participate in the sales to which they testified, their knowledge of sale price was based wholly upon hearsay and insufficient to entitle it to consideration and that their want of knowledge of sale prices gained from personal participation rendered them incompetent. It is also contended that as they never operated, managed, or owned any interest in paper or pulp mills they could not have the intimate knowledge necessary to qualify them as

experts. But to enable one to testify to land values it is not necessary that he has dealt in lands; or that he has made any purchases or sales of land; or that his knowledge of sale prices be based upon anything more than "general value-rumor." Knowledge and experience gained in public office as an assessor also qualifies one as a witness. 1 Wigmore, Evidence (2d ed.) § 714; *Rylander v. Laursen,* 124 Wis. 2, 7, 102 N. W. 341; *State ex rel. Pierce v. Jodon,* 182 Wis. 645, 197 N. W. 189.

The appellant bases its case wholly upon the fact that witnesses were held incompetent in the case of *State ex rel. Park Falls L. Co. v. Stauber,* 190 Wis. 310, 207 N. W. 409, and asserts that the witnesses here produced by the city were as plainly disqualified as were the two witnesses who were held incompetent in that case. Examination of the printed case in that case does not bear this out. We consider that the record here exhibits qualifications and experiences on the part of the witnesses above mentioned superior to those disclosed by the record in the *Stauber Case.* Judge Risjord, who tried both cases, an experienced trial judge familiar with conditions in upper Wisconsin, was of this opinion. We can hardly conceive it possible for taxing authorities to procure evidence in a contested tax case if witnesses of the experience and qualifications of those here involved are to be excluded.

*By the Court.*—The judgment of the circuit court is affirmed.