STATE EX REL. NORTH SHORE DEVELOPMENT COMPANY and others, Appellants, vs. AXTELL, City Clerk, Respondent.

*September 12—October 9, 1934.*

For the appellants there was a brief by *Shannon & Higgins* of Kenosha, and oral argument by *Frank J. Shannon* and *J. E. Higgins*.

For the respondent there was a brief by *Robert V. Baker, Jr.*, city attorney, and *Chester D. Richardson*, assistant city attorney, attorneys, and *Roy S. Stephenson* of Kenosha of counsel, and oral argument by *Mr. Richardson*.

FOWLER, J. A writ of *certiorari* was issued to bring up for review the action of the board of review in refusing to reduce the assessment of the improvements on land. The court entered judgment quashing the writ.

The respondent urges that the remedy was not available to the relators; that their remedy was to pay under protest the tax levied upon the assessment and sue to recover the excess, as sec. 74.73, Stats., provides may be done.

The writ was issued and judgment thereon was entered while the assessment roll remained in the hands of the city clerk. It was thus in the power of the court to grant relief to the relators if upon the record they were entitled to it. The proceeding was therefore proper. *State ex rel. Fox Valley C. Co. v. Poole*, 199 Wis. 175, 225 N. W. 730.

The property involved is a three-story building with seven small stores and a garage upon the first floor and twenty-eight small apartments on the second and third floors. The assessment of the land separate from the improvements at $14,480 is not contested. The assessor fixed the assessed value of the building at $114,000. The relators claim this

valuation is $50,000 too high and appeared before the board of review to support their contention. No evidence was offered before the board in contradiction of the testimony of the relators' witnesses. These witnesses fixed the value of the building at $64,323.63. The witnesses made a careful appraisal of the property and submitted a statement in great detail in support of their valuation. Testimony was presented as to "cost, depreciation, replacement value, earnings, industrial conditions," location, and occupancy, all of which are proper for consideration in determining assessment value (*State ex rel. Flambeau Paper Co. v. Windus,* 208 Wis. 583, 243 N. W. 216), but none was given as to sales of like property, nor did the witnesses directly state what the property would sell for in their opinion at the present or in normal times, as between an owner willing to sell and a purchaser desiring to purchase. It is apparent that the value placed by the witnesses was based entirely on the income it was producing and was capable of producing. The present depreciated value of the building is given in the appraisal report as $101,517.55, which is stated to be "an estimate of the present value from a structural standpoint," but it is stated in immediate connection that this is "not an appraisal of its true value which is determined on the basis of the net earning capacity." The tax on the property computed on the assessed value is over $1,000 per year more than its net annual earnings, not deducting for annual depreciation. The property is well managed and fairly well occupied.

The respondent claims that all this evidence is incompetent as not going to sale value, which the statute, sec. 70.32, provides must be the basis of the assessment. This claim is based upon the ruling of this court in *State ex rel. Miller v. Thompson,* 151 Wis. 184, 138 N. W. 628, wherein as here the sole controversy was over the assessment of a building. In that case a building on real estate worth $2,600,000, which was conceded to be a correct valuation, was assessed

at $300,000. The building was insured for the amount of the assessment. The property produced rentals of over $70,000 a year. The taxes on the property were $50,000 a year. The building was old. Opportunity existed for leasing the property for ninety-nine years. Destruction of the existing building and erection of a new building thereon which would enable the property to earn a fair income on the value of the land and cost of the building was contemplated. Under these circumstances it was contended that the building had no market value as cost of wrecking it would equal the salvage value. This court in the opinion stated that the evidence above detailed "was not evidence of the market value of the property or what price could ordinarily be obtained for it at private sale." If this language were applied literally it would perhaps rule the point in respondents' favor. But it is quite apparent that the appraisal here involved does in fact express the opinion of the witnesses as to the sale value of the building. This inference is supported by the statement above quoted that the depreciated reproduction cost is not "the true value which is determined on the basis of the net earning capacity," and the testimony of one of the witnesses "that the assessor has failed to consider the provision of the statutes which makes it mandatory on determining value of property to consider its advantages and disadvantages of location, quality, etc., and the value that could be obtained at private sale [sec. 70.32]." It seems clear from this that the value was fixed by the witnesses with the statute in mind and expressed their opinion of the price which "could ordinarily be obtained for the property at private sale" which the statute fixes for the assessed value. To have asked the witnesses, after their detailed report in writing and their detailed explanation on the witness stand, what price in their opinion could "ordinarily be obtained for the property at private sale" would have been mere supererogation.

But that the testimony before the board did express the witnesses' opinion of the sale or market value of the property, and that no testimony was introduced by the defendant in contradiction of that of plaintiffs' witnesses, does not necessarily rule the case in plaintiffs' favor. The value placed by the assessor is presumptively correct. *Worthington Pump & M. Corp. v. Cudahy*, 205 Wis. 227, 237 N. W. 140; *State ex rel. Pierce v. Jodon*, 182 Wis. 645, 197 N. W. 189. If there is credible evidence before the board that may in any reasonable view support the assessor's valuation, that valuation must be upheld by the board. Facts in evidence produced by the witnesses for the plaintiffs in our opinion may reasonably be considered to support the assessment. The reproduction cost of the building is shown, and this with the admittedly correct assessment of the land, disregarding obsolescence, exceeds by nearly $13,000 the amount of the assessment. The location of the property relative to the business section of the city where land values are highest is also shown. The land with buildings worth $3,600 on it was purchased in 1927 for $46,000. It is true that the plaintiffs' witnesses were of opinion that the reproduction value did not at all affect sale value, and that the location was such that the sale value of the property as a whole was not affected by prospect of future demand for business purposes. On these questions the assessor and the members of the board of review may reasonably have held different opinions, and considered that under all the circumstances shown by the testimony of the witnesses and their detailed appraisal submitted, the valuation of the assessor expressed sale value.

*By the Court.*—The judgment of the circuit court is affirmed.