RAHR MALTING COMPANY, Appellant, vs. CITY OF MANITOWOC, Respondent.

*April 27—September 14, 1937.*

For the appellant there were briefs by *Hougen & Brady* and *Nash & Nash,* all of Manitowoc, and oral argument by *A. L. Hougen* and *A. L. Nash.*

For the respondent there were briefs by *Edward Meyer,* city attorney, and *Edward L. Kelley* of Madison and *C. E. Teitgen* of Manitowoc of counsel, and oral argument by *Mr. Teitgen* and *Mr. Kelley.*

The following opinion was filed June 21, 1937:

MARTIN, J. Appellant filed objections with the board of review to the assessment made upon its real estate for the year 1933. The total assessment was $32,613.23, and was based upon a valuation of $1,580,000.

Appellant contends that the price which could ordinarily be obtained for said real estate at private sale May 1, 1933, was not over $600,000. At the hearing before the board of review, commencing on January 16, 1934, appellant offered evidence in support of its objections to the assessment, and the respondent city offered evidence in support of the assessment. The board of review found and determined that the valuation fixed by the assessor was the full value which could ordinarily be obtained for the property at private sale on May 1, 1933, and affirmed the assessment.

Among other facts, the trial court found: That the appellant in its income tax reports to the state tax commission for the years 1931, 1932, and 1933, placed a valuation of $1,616,213.01 upon the property in question. That the gross income from the operation of its plant for the year 1931 was $535,346.90. That the net profit for the same year was $251,074.95. That during said year there was deducted from the gross income the sum of $72,878.92 for repairs. That the gross income from operation for the year 1932 was $583,636.88. That the net profit for the year was $217,470.15. That the gross income from operation for the year 1933, was $1,098,883.59. That the net profit for said year was $500,137.15. That during said year there was deducted from the gross income the sum of $75,073.54 for

repairs. That on May 1, 1933, the amount of insurance carried on the buildings located upon the real estate in question was in the sum of $992,525, and in this connection the court further found:

"That the insurance carried on the brick and concrete construction which predominates, is but a small fraction of the actual or reconstruction cost thereof because of its fire-proof character."

The court further found that the full value which could ordinarily be obtained for said property at private sale on May 1, 1933, was the sum fixed by the assessor, and approved and confirmed by the board of review. That there was no evidence of unfairness or unjust discrimination. That there is no evidence that the board acted arbitrarily or dishonestly.

It will serve no useful purpose in this opinion to make a detailed statement of facts or analyze the conflict in the evidence as to the value of the different parcels of real estate, including the buildings and improvements thereon. If there is any competent, credible evidence to sustain the valuations placed upon the property by the assessing officers, the assessment must be sustained and the judgment affirmed. This court cannot weigh the testimony to determine where the preponderance lies. This case is ruled, as to the law applicable, by our decision in *Wisconsin Malting Co. v. Manitowoc, ante,* p. 393, 274 N. W. 288.

The Kurth Malting Company plant, now known as Wisconsin Malting Company, and located in the city of Manitowoc, sold in July, 1933, for $400,000. After the sale, the Kurth Malting Company carried insurance on the plant for $375,000. Several witnesses made a comparison of the two plants as to their capacity and condition of the buildings, taking into consideration what the Kurth plant sold for in July of 1933, and they fix a value as of May 1, 1933, equal to or in excess of the valuation fixed by the assessor and confirmed by the board of review. There is in evidence the

Lloyd and Thomas appraisal made in 1931 which appears to have been brought down to include the new buildings erected in 1933. This appraisal, excluding the new buildings and applying the appraisal to the property in question, shows a total valuation of $1,309,893.07.

Appellant contends that earnings or going value should not be considered in the assessment of real estate. Sec. 70.32 (1), Stats., provides that real estate shall be assessed "at the full value which could ordinarily be obtained therefor at private sale."

In *State ex rel. Flambeau Paper Co. v. Windus,* 208 Wis. 583, 585, 243 N. W. 216, the court said:

"While the sale value is the point to which the evidence must be addressed, the board of review was not confined solely to the testimony of the witnesses in arriving at its determination. The prospectus, book value, appraisals procured by the plaintiff, and the amount of insurance carried might properly be considered by the board of review."

In *State ex rel. North Shore Development Co. v. Axtell,* 216 Wis. 153, 155, 256 N. W. 622, the court said:

"Testimony was presented as to 'cost, depreciation, replacement value, earnings, industrial conditions,' location, and occupancy, all of which are proper for consideration in determining assessment value."

Under the statute, sec. 70.10, the assessment must be made as of May 1st. The inquiry here is, What was the full value which could ordinarily be obtained for the property in question at private sale? Such figure as represents that value determines the valuation for assessment purposes as of May 1st. The statute contemplates a sale as between an owner willing to sell, and a purchaser desiring to buy. No single factor is controlling. All factors collectively which had a bearing on the full value which could ordinarily be obtained at private sale were elements to be considered by the assessor in making the assessment and by the board of

review. in passing upon the objections made by the taxpayer to the assessment.

We hold that there is competent, credible evidence to sustain the valuations placed upon the property by the assessor, and affirmed by the board of review. This being the case, the judgment must be affirmed.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $12.50 costs, on September 14, 1937.