CONNOR, Appellant, vs. THE STATE (DEPARTMENT OF TAXATION), Respondent.

*February 9—March 10, 1942.*

46

For the appellant there was a brief by *Brazeau & Graves* of Wisconsin Rapids, and oral argument by *R. B. Graves.*

For the respondent there was a brief by the *Attorney General, Harold H. Persons,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons.*

MARTIN, J.    Appellant contends that the court erred in sustaining the assessment of a gift tax for the following reasons: (1) The transfer was made as security for a debt and not in payment thereof; (2) if it be found the transfer was absolute, the evidence does not sustain a finding of a donative intent; (3) the value of the stock at the time of the transfer did not exceed the amount of the indebtedness; (4) the amount of the assessment is erroneous because interest

on the indebtedness paid was not considered; and (5) under the emergency gift tax act in force at the time of the transfer (September 6, 1933) no liability was created on the part of a donor.

The contention that the transfer of the equity in the stock to Mrs. Connor was made as security for appellant's indebtedness to her and not in payment thereof is contrary to Mr. Connor's testimony before the board of review. He there testified:

"From my knowledge of the affairs of the company, I surely believe I am in a position to be able to tell about what the value of the stock was in September, 1933, at the time of the transaction that is in evidence here between myself and Mary B. Connor. Under the conditions existing there was no value to the stock, in my judgment. *The indebtedness to Mary B. Connor at the time of the transaction when she took over the stock for the liquidation of my indebtedness was more than any possible value to the stock.*"

The contention that a donative intent must be established as a basis for imposing a gift tax is contrary to the clear wording of the statute. The material part of sec. 4, ch. 363, Laws of 1933, now sec. 72.75, Stats., is as follows:

"Section 4. *Emergency gift tax.* . . .

"(2) (a) . . . Where property is sold or exchanged for less than a fair consideration in money or money's worth, then the amount by which the clear market value of the property exceeded the consideration received shall, for the purposes of the tax imposed by this chapter, *be deemed a gift* and shall be included in computing the amount of gifts made during the year."

Appellant argues that where a debt is liquidated by the transfer of property at its market value, the transaction constitutes a disposition of the property giving rise under the income tax laws to a gain or loss measured by the difference between the cost or other basis of the property and the amount of the indebtedness. In other words, the point made is that

if the transfer in question resulted in Mrs. Connor getting property worth, at its clear market value, more than the indebtedness due from her husband, the difference would be taxable as income. We think the legislative intent of ch. 363, Laws of 1933, is clearly otherwise. Sec. 2, ch. 363, Laws of 1933, provides for an emergency relief tax on incomes. Sec. 4 of said chapter provides for an emergency gift tax. Sub. (2) (a), above quoted, is a part of the emergency gift tax section. The federal gift tax statute, sec. 1002, Internal Revenue Code, is nearly identical with sub. (2) (a), sec. 4, of the Wisconsin emergency gift tax. It reads:

"Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall, for the purpose of the tax imposed by this chapter, be deemed a gift, and shall be included in computing the amount of gifts made during the calendar year."

Under the federal statute a gift tax was sustained in *Fish v. Helvering* (App. D. C. 1934), 75 Fed. (2d) 769; *Housman v. Com. of Int. Rev.* (1938) 38 B. T. A. 1007. Donative intent need not be established as a condition precedent to making a gift tax assessment.

Appellant's next contention is that the value of the stock at the time of the transfer of the equity therein to Mrs. Connor did not exceed the amount appellant then owed her. We are of the view that this contention must be upheld. It is the law of this state that the assessor's valuation is *prima facie* correct, and will not be set aside in the absence of evidence showing it to be incorrect. *Worthington Pump & M. Corp. v. Cudahy,* 205 Wis. 227, 237 N. W. 140, and cases cited; *State ex rel. Collins v. Brown,* 225 Wis. 593, 275 N. W. 455, and cases cited.

In *State ex rel. Collins v. Brown, supra,* which related to an assessment of real estate, as was the case in *Worthington*

*Pump & M. Corp. v. Cudahy, supra,* at page 595, the court said:

"Plaintiffs contend that the unimpeached and uncontroverted evidence before the board of review was to the effect that a price very much lower than the assessment was paid for the property at a time so close to the date of assessment as to demonstrate the excessive character of the assessor's valuation and rebut the presumption of its correctness. It is contended that the rule that an assessor's valuation is *prima facie* correct is a mere presumption; that it does not constitute evidence; and that it disappears upon the introduction of any evidence showing it to be incorrect or inaccurate. *Smith v. Green Bay,* 223 Wis. 427, 271 N. W. 28. The evidence in this case must be considered to be unimpeached and uncontradicted. Consequently, we are solely concerned with its effect. *If it demonstrated the incorrectness of the assessor's valuation, it would rebut the presumption of correctness attached by law to the valuation, and its disregard by the board of review would constitute jurisdictional error and not the exercise of an honest judgment."*

In *Knaus v. Rollof,* 178 Wis. 579, 584, 190 N. W. 463, the court said:

"The tax commission is a special body created to deal with questions of just and equitable taxation. This court will not interfere with its proceedings or in the exercise of its functions *unless it shall appear that its acts are so unreasonable and arbitrary as to indicate a total lack of judgment or discretion."*

The tax commission found:

"At the time of the transfer both companies were having serious financial difficulties and creditors' committees were directing the affairs of both corporations. . . . The bonds of this company [Connor Lumber & Land Company] were in default and selling around $20 per hundred. . . . The bonds of this company [R. Connor Company] were also in default, but in a more critical condition, whereupon the assessor *put an arbitrary figure* on this stock of $10 per share. . . . There

were no transfers or sales of the stock in these two corpora-
tions at any time close enough to the gift *to give any idea as
to the market value of the securities.* [The common stock.]"

Under the gift tax statute no tax accrues unless the clear
market value of the property transferred exceeds the con-
sideration received; that is, in the instant case, unless the value
of the equity in the stock which Mr. Connor transferred to
his wife exceeded the amount of his indebtedness to her there
would be no gift, hence no gift tax. The term "clear market
value" means what the property is worth or will sell for as
between one who wants to purchase and one who wants to
sell. *Milwaukee Trust Co. v. Milwaukee,* 151 Wis. 224, 229,
138 N. W. 707, and cases cited.

We are confronted with this situation: The stock trans-
ferred had no market value. At the hearing before the Wood
county board of review it was conceded that the bonds of
both the Connor Lumber & Land Company and the R. Con-
nor Company were selling at that time at prices varying be-
tween fifteen and twenty dollars per hundred. The tax com-
mission so found. This fact being established, we think it
must follow that the common stock of both companies had
no value, regardless of alleged book value, which meant little,
if anything, in determining the value of corporate stocks
through the years of the depression. So-called "paper values"
had to give way to the actual realities of general business
conditions. When the bonds of a corporation are selling on
the market at from eighty to eighty-five per cent below par,
the value of the common stock has been washed out. Then,
too, in the instant case, we are dealing not with any imag-
inary value of the stock in the hands of a stockholder, but with
the value, if any, in the equity which Mr. Connor transferred
to his wife. It is conceded that all the stock had been as-
signed to the creditors' committee representing the bond-
holders. If and when the stock might be released, Mrs. Con-

nor would receive same. It had not been released at the time of the hearing before the board of review in January, 1937. While the assessor did not appear as a witness before the board of review, he made the following statement into the record:

"I feel that the only way to get the value of that stock is to consider the book value and the ultimate prospects of realization when the operations have continued through a period of years."

The statute provides that the value of the consideration must be taken as of the date of the alleged gift. There is no basis or theory within the letter or intent of the gift tax statute upon which the tax in question can be sustained. The conceded facts demonstrate the incorrectness of the assessor's valuation of the equity in the stock transferred. Any presumption of the correctness attached to his valuation is rebutted by the conceded facts and findings of the tax commission. The assessment, the decision and order of the majority members of the tax commission are unreasonable and arbitrary, and must be vacated and set aside. In view of the conclusion reached there is no occasion to consider the remaining assignments of error.

*By the Court.*—Judgment reversed. Cause remanded with directions to vacate and set aside the order and determination of the Wisconsin Department of Taxation, and directing that the record be remanded to the Wisconsin Department of Taxation for further proceedings in accordance with this opinion.