*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0744**

State of Minnesota,
Respondent,

vs.

Shawn Theodore Hoshal,
Appellant.

**Filed January 19, 2016
Affirmed
Klaphake, Judge**[*]

Itasca County District Court
File No. 31-CR-14-1354

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Muhar, Itasca County Attorney, Todd Webb, Assistant County Attorney, Grand Rapids, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rochelle R. Winn, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Smith, Judge; and

Klaphake, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KLAPHAKE**, Judge

Appellant asserts that he is entitled to withdraw his guilty plea to first-degree driving while impaired (DWI), arguing that his plea was not intelligently made because he was not notified of the mandatory conditional-release term until after sentencing. Because appellant was given sufficient notice of the mandatory conditional-release term, we affirm.

## DECISION

A defendant must be allowed to withdraw his guilty plea at any time if it is "necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. "A manifest injustice exists if a guilty plea is not valid." *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). We review the denial of a plea-withdrawal motion under the manifest injustice standard de novo because "[a]ssessing the validity of a plea presents a question of law." *Id.* To be valid, a guilty plea "must be accurate, voluntary and intelligent." *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983). Hoshal challenges only the intelligence requirement, which "ensures that a defendant understands . . . the consequences of his plea. 'Consequences' refers to a plea's direct consequences, namely the maximum sentence." *Raleigh*, 778 N.W.2d at 96 (citations omitted).

Before accepting a guilty plea for a felony DWI offense, the district court must "ensure defense counsel has told the defendant and the defendant understands . . . [that] a mandatory period of conditional release will be imposed to follow any executed prison sentence." Minn. R. Crim. P. 15.01, subd. 1(6)(k). "[A] conditional-release term for the statutorily enumerated offenses is mandatory and nonwaivable." *State v. Henthorne*, 637

N.W.2d 852, 855 (Minn. App. 2002), *review denied* (Minn. Mar. 27, 2002). Any sentence that omits a mandatory conditional-release period is therefore unauthorized. *State v. Humes*, 581 N.W.2d 317, 319 (Minn. 1998). But an unauthorized sentence may be modified when a defendant "has notice that a correction is required and has not developed a crystallized expectation as to the finality of the sentence." *Martinek v. State*, 678 N.W.2d 714, 718 (Minn. App. 2004).

Hoshal pleaded guilty to first-degree driving while impaired, based on three or more qualified prior driving incidents; driving after cancellation; driving without insurance; and expired registration. During the plea colloquy, Hoshal stated that he understood the sentence was a presumptive commit to prison for 54 months, with a range between 46 and 64 months. The presentence investigation ordered by the district court did not note the mandatory conditional-release period in the recommendation or in the "Minnesota Sentencing Guidelines Review." But the sentencing worksheet stated that the presumptive sentence was 54 months, with a range of 46-64 months, and noted that a conditional-release period of five years applied if the sentence was executed. The district court imposed an executed 54-month sentence for the first-degree DWI with concurrent sentences for the other counts.

One week later, at the district court's initiative, the district court held a second sentencing hearing to correct Hoshal's sentence by adding the mandatory five-year conditional-release period. Immediately before the hearing, Hoshal formally moved to withdraw his guilty plea on the ground that he was unaware of the conditional-release period. The district court subsequently denied the motion, concluding that Hoshal's plea

3

was accurate, voluntary, and intelligent because he received adequate notice that he would be subject to a conditional-release period.

Hoshal asserts that his plea is invalid because the conditional-release term was added to his sentence after he pleaded guilty in exchange for a definite sentence. *See, e.g., State v. Wukawitz*, 662 N.W.2d 517, 520 (Minn. 2003) (holding that a district court may allow a defendant to withdraw a plea "in those limited circumstances where imposition of a conditional-release term after sentencing would violate the plea agreement"). But Hoshal pleaded guilty without any kind of sentencing agreement. Nothing in the record supports Hoshal's assertion that he pleaded "with the expectation that he would receive no more than the presumptive guidelines range." *Cf. State v. Garcia*, 582 N.W.2d 879, 882 (Minn. 1998) (holding that where the specific sentence promised by the prosecution did not include the mandatory conditional-release term, the promise was unauthorized by law and the defendant must be allowed to withdraw the plea).

Hoshal next argues that he received inadequate notice of the mandatory conditional-release term. Despite the requirement that the court "ensure" a defendant understands there is a mandatory conditional-release term,

> [t]he supreme court has consistently held that, when a defendant is informed of a possible conditional-release term before sentencing, even if that term is not in the plea agreement or sentence, the defendant has sufficient notice of the consequences of the plea and the plea will be considered . . . intelligent.

*Kubrom v. State*, 863 N.W.2d 88, 93 (Minn. App. 2015). Here, the specific length of the conditional-release period was noted on Hoshal's sentencing worksheet,[1] and Hoshal did not agree to a specific period of incarceration in exchange for a guilty plea. Moreover, the district court gave Hoshal notice that correction is required and corrected the sentence one week after the original sentence was imposed. Thus, Hoshal did not have a crystallized expectation of finality in the sentence. *See State v. Calmes*, 632 N.W.2d 641, 649 (Minn. 2001) (holding that defendant's sentence was properly modified to include a conditional-release term even after defendant was placed upon supervised release because he "knew or should have known" there was a mandatory conditional-release period based on applicable statutes and caselaw). We conclude that because the conditional-release term was mandatory and nonwaivable, and because the sentencing worksheet gave Hoshal proper notice of the mandatory conditional-release period, Hoshal's plea was intelligent. Therefore, Hoshal's plea is valid and the district court did not abuse its discretion by denying Hoshal's motion to withdraw his plea.

**Affirmed.**

---

[1] Additionally, the sentencing memorandum Hoshal's counsel submitted to the district court prior to the first sentencing hearing noted that if Hoshal's "sentence is executed it is subject to a 5-year term of conditional release."