STATE EX REL. FIRST & LUMBERMEN'S NATIONAL BANK OF CHIPPEWA FALLS, Appellant, vs. BOARD OF REVIEW OF THE CITY OF CHIPPEWA FALLS and another, Respondents.

*February 6—March 11, 1941.*

For the appellant there was a brief by *Larrabee & Larrabee* of Chippewa Falls, and oral argument by *Orrin H. Larrabee.* *P. J. Murphy* of Chippewa Falls, for the respondents.

FAIRCHILD, J. The business disturbances affecting the use of real estate for the past several years have resulted in reducing earnings from that class of property and have brought a serious difficulty of adjustment of values to existing conditions. The attending problems, in so far as governmental control is concerned, are primarily legislative in nature. Assessments for tax purposes must be arrived at through the processes created by the legislature. Under the accepted method the assessor's valuation for the purposes of taxation is *prima facie* correct, and that valuation will not be changed or set aside where there is evidence to sustain it. *Wisconsin Malting Co. v. Manitowoc,* 225 Wis. 393, 396, 274 N. W. 288; *Rahr Malting Co. v. Manitowoc,* 225 Wis. 401, 274 N. W. 291; *State ex rel. Collins v. Brown,* 225 Wis. 593, 275 N. W. 455. "Taxation is based upon the idea of calling upon the people for equal and proportional contributions to the public wants, that the burdens of government may fall ratably upon all who in justice should bear them." 1 Cooley, Taxation (4th ed.), p. 103, § 30.

The evidence shows that the building was built in 1915 for $48,615.97; that it was enlarged in 1927 by an addition, the cost of which does not appear, although it is generally understood that building costs at that time were higher than when the original building was constructed. There is evidence that the land alone is worth from $15,000 to $16,000. On March 2, 1940, after negotiations extending over several months the Lumbermen's National Bank of Chippewa Falls sold this land and building to the taxpayer. It was part of a transaction whereby the taxpayer acquired certain assets and assumed certain liabilities of that bank. The taxpayer then moved into the building.

Appellant contends that the evidence of value as shown by the sale is unimpeached; that other aids showing value such as cost of building new less depreciation, sales of like property, income and book value also prove that the assessment should not exceed $50,000.

Respondent on the other hand insists that the assessment of $90,000 is sustained by competent evidence; that the sale price resulting from the exchange between the two banks is not conclusive as to market value; and that because there is evidence in the record supporting the board's findings they should be affirmed.

The trial court discovered no evidence that the assessor or the board of review acted arbitrarily or dishonestly. The court adhered to the rule that where there is "competent, credible evidence to sustain the valuations placed upon the property by the assessing officers, the assessment must be sustained." *Rahr Malting Co. v. Manitowoc, supra,* p. 404. See also *State ex rel. Kimberly-Clark Co. v. Williams,* 160 Wis. 648, 652, 152 N. W. 450.

It appears the assessor valued the premises at $100,000 for tax purposes. When he laid the matter before the Board of Review, the board heard and examined persons on their oath

in relation to the assessment. After hearing such testimony the board lessened the assessment to $90,000, which was determined by the board to be the true valuation of the real estate.

The building has at all times been used as a banking building with offices on the second floor. Sec. 70.47 (1), Stats., provides that where it appears an assessment has been incorrectly made, an adjustment shall be made "according to the rules for valuing property prescribed in this chapter." The rule for valuation to be followed in this instance is "the full value which could ordinarily be obtained therefor at private sale." Sec. 70.32 (1), Stats.

Witnesses before the board, including those persons presented by the taxpayer, differed considerably upon the full value that could ordinarily be obtained for the bank building and land at a private sale. The estimates ranged from $50,000 to over $90,000. In the investigation carried on by the Board of Review the inquiry extended to the reproduction cost less depreciation and the insurance value placed upon the building by the taxpayer. In its analysis of the testimony before the Board of Review the trial court in its memorandum decision noted the evidence of the sale at $50,000 and the testimony of witnesses that the property was worth not to exceed $50,000. There was also testimony of a much greater value. At least one qualified witness, who had experience in appraising the value of property in the city and was familiar with real-estate values, testified that in his opinion the property was of the value of $100,000. We cannot say that there is no competent, credible evidence in the record to substantiate the assessment, and the lower court must therefore be affirmed.

The seriousness of the tax problem and the importance of an honest determination of correct value as a basis for taxation under existing conditions becomes more and more ap-

parent as property holders strive to save their holdings for themselves and to keep the community from taking over their physical properties.

The rule on real-estate assessments is that the value for tax purposes shall be arrived at by the assessor from an actual view or from the best information that he can practically obtain, at the full value which would ordinarily be obtained for such property at a private sale. When the assessor has complied with this rule, and the board of review has been guided by competent evidence in passing upon the fairness of the assessment, the court has no power to disturb the findings. As observed by the learned trial judge, some of the criticism "would be entitled to serious consideration if the court was passing on the weight of conflicting testimony. That is not the province of the court in a *certiorari* proceeding. The board of review was charged with that duty. The responsibility for their decision must rest with them."

*By the Court.*—Judgment affirmed.